## GENTILI v. UNITED STATES. *

Circuit Court of Appeals, Ninth Circuit.
October 17, 1927.

No. 5124.

1. **Intoxicating liquors** ⊜236(9)—**Evidence held to support conviction for maintaining liquor nuisance (National Prohibition Act [27 USCA]).**

Evidence *held* to support conviction for maintaining nuisance, under National Prohibition Act (27 USCA), by defendant, in his hotel, though it tended to show that he kept his stock of liquor in another building, not on his premises, from which it was brought as required for sale.

2. **Intoxicating liquors** ⊜233(1)—**Testimony that persons entered defendant's hotel and asked for liquor in presence of officers held competent in support of charge of maintaining nuisance.**

In prosecution for maintaining liquor nuisance, testimony that persons entered defendant's hotel and asked him for liquor when prohibition agents were present *held* competent.

3. **Criminal law** ⊜407(1)—**Assertion that sale was made, not denied, held competent in prosecution for maintaining liquor nuisance.**

That a person stated to defendant in the presence of arresting officers that defendant had previously sold him liquor, which defendant did not deny, is some evidence of sale, and the fact may be shown in prosecution for maintaining nuisance.

4. **Criminal law** ⊜392—**Prosecution may excuse failure to produce material witness by showing he cannot be found.**

Prosecution may properly excuse failure to produce material witness by showing that he cannot be found.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Celestino Gentili was convicted of possessing intoxicating liquor and maintaining a nuisance, and he brings error. Affirmed.

*Rehearing denied December 5, 1927.

S. A. Gagliardi, of Tacoma, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and Bertil E. Johnson, Asst. U. S. Atty., of Tacoma, Wash.

Before HUNT, RUDKIN, and DIET-RICH, Circuit Judges.

DIETRICH, Circuit Judge. Defendant was adjudged guilty of illegally possessing intoxicating liquor, and also of maintaining a nuisance under the National Prohibition Act (27 USCA). The most serious question is the sufficiency of the evidence to support the verdict, particularly in respect of the latter charge.

[1] In the information the place of the nuisance is described as being the Tripoli Hotel, at 1552½ Broadway, in the city of Tacoma. That defendant was the proprietor of this hotel or boarding house is admitted. Upon arriving there on July 19, 1926, the prohibition officers, accompanied by one Carr, found defendant, with his son, at work in the kitchen. According to their testimony, Carr in their presence approached the defendant with the suggestion or statement that he (Carr) had a few days previously purchased from him some liquor, to which defendant made no reply. Upon a search the officers discovered no liquor, but in the kitchen some empty bottles and whisky flasks, and on the table whisky glasses. Finding the door to room No. 15 locked, they obtained from defendant the key. Upon opening the door, the room appeared to be unoccupied, and was "dusty and dirty." Visible on the dusty floor were "well-worn paths" leading to a window facing upon what is referred to as an alcove. Raising the shade and the window, they observed that the window sill was "worn and scarred." Passing through the window, they followed a similar path on a roof connecting the Tripoli Hotel with an adjoining building, 12 feet away, known as the Alaska Hotel, and operated by a Mrs. Harris. Opening this window they kept it up by inserting in a hole in the sash appropriate for the purpose, a nail which they found lying on the sill. Entering a room through this window, they observed a similar path or trail leading to a closet door, which was locked. Upon opening the door they found in the closet approximately 4½ gallons of distilled spirits and 27 bottles of beer. The door from the room to the corridor of the hotel was closed, a chair having been so placed under the knob that it could not be opened from the outside. While the agents were at the Tripoli, several persons came in and asked to purchase liquor from them—in one or two instances when defendant was present.

Mrs. Harris, testifying for defendant, stated that she came into possession of the Alaska Hotel in January, 1926, at which time one Palmer, a Greek or an Italian, had the room where the liquor was found, and continued to occupy it, and to pay the rent up to the time of the search. He took care of the room himself, and she supplied him with linen once a week. Apparently she did not enter the room, but she saw him go in and out frequently. This man was not the defendant. She also denied that there was any track or path on the roof or in the room. No other witness was called by defendant, but he took the stand in his own behalf. He stated that the liquor did not belong to him, and that he had nothing to do with it, or with the Alaska Hotel; that he so stated to the officers; that he did not see any person come to the Tripoli while the officers were there, or hear any one ask to purchase whisky; that he had no liquor in his possession, and sold none; that the empty bottles referred to, collected in the hotel in a natural way and from time to time were sold for junk. He made no reference to the whisky glasses or to the conditions which the officers testified they observed after they entered room 15, nor did he explain what this room was used for, or why it was locked. He neither affirmed nor denied that he supplied the officers with a key, and he was silent respecting the incident with Carr.

We think the evidence sufficient. Defendant's principal contention seems to be that the government charged a nuisance as having been maintained at one place and attempted to prove it at another place. Heitman v. United States (C. C. A.) 5 F.(2d) 887. But that is not the case. Taken all together, the evidence tends strongly to show that, either alone or in co-operation with another, defendant was engaged in more or less continually selling liquor in his hotel. The mere fact that surreptitiously he used a room in an adjoining building in which to conceal his supply is immaterial. It might as well be argued that, had he concealed his stock in the back alley, and brought it into the hotel, as there was demand, and there dispensed it, the nuisance would not be in the hotel, but in the alley.

It does not follow that because the court took from the jury the count charging a specific sale on a designated date the evidence was insufficient to warrant the conclusion that generally defendant was engaged in the business of selling. Conclusive proof that one is

running a cigar store might be quite inadequate to establish beyond a reasonable doubt a specific sale. If, as the circumstances tend to show, he was in control of liquor found in the Alaska Hotel the conclusion is almost irresistable that he was bringing it, or having it brought, into his hotel from time to time, as there was demand, and disposing of it there. The record does not present the question, touching which there is a diversity of decisions, whether, when a jury acquits on one count and convicts on another, the conviction will stand, although there is no apparent way to reconcile the two conclusions. Marshallo v. United States (C. C. A.) 298 F. 74; Gozner v. United States (C. C. A.) 9 F.(2d) 603; Murphy v. United States (C. C. A.) 18 F.(2d) 509. The evidence to support the first count charging a specific sale is not identical with the evidence tending to support either of the other charges. Indeed, the major part of the proofs received would be irrelevant and wholly inadmissible under the first count.

[2] It was not error for the court to admit proof that, while the officers were there, numerous persons came in to purchase liquor. To be sure, in a sense, it was hearsay; but, to prove a nuisance, evidence of reputation, a species of hearsay, is admissible, and what could be more convincing evidence of the reputation of a place than the fact that people flock there to buy.

[3] In his instructions to the jury the court said: "The evidence of sale was admitted for the purpose of determining whether or not the defendant is guilty of maintaining a common nuisance. There is some evidence of sale, and that is a question for you to determine, whether or not this place was maintained by the defendant as a common nuisance." Defendant excepted, upon the ground that there was no such evidence; but clearly, upon a charge of a sale to Carr, it would have been competent for the government, in support of the charge, to prove, as the testimony here tended to prove, that the defendant made no denial when, under the circumstances here shown, Carr said in his presence that he made the alleged sale.

[4] The assignment based upon the request of the district attorney to have a continuance for the purpose of procuring the attendance of Carr as a witness is without substance, as is the exception to the testimony to the effect that one Lusk could not be found. How Lusk came into the case is not clear, but it may be inferred from the preliminary recitals in the bill of exceptions, and from defendant's brief, that possibly by a bill of

particulars he was named as a person to whom it would be contended defendant sold liquor. It was the right of the government to seek to account for the failure to produce him as a witness.

The judgment is affirmed.