Ira TUCKER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17994.

United States Court of Appeals Fifth Circuit.

May 27, 1960.

Charles V. Silliman, Gladstone L. Kohloss, Orlando, Fla., for appellant.

Don M. Stichter, Spl. Atty., Robert F. Nunez, Asst. U. S. Atty., Tampa, Fla., E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, Ira Tucker, seeks to convince us that there was reversible error in his conviction of the possession of unstamped moonshine liquor in violation of 26 U.S.C.A. § 5008(b) (1), and of the concealment of liquor with intent to evade and defeat a tax in violation of 26 U.S.C.A. § 7206(4).

Deputy Sheriff Martin, of Orange County, Florida, was driving in Orlando, Florida, with Agent Pace, of the Florida State Beverage Department. About five-thirty o'clock, before daylight, on the morning of January 20, 1959, Martin threw his spotlight on a pickup truck and saw two men, the appellant and Fred Butler, unloading five gallon tin cans from the truck. Tucker was standing beside the truck and Butler was in the back of the truck. A third man ran. He was later identified as Matthew Montgomery. Martin called William C. Goodman, an Investigator with the Alcohol and Tobacco Tax Unit of the United States, by radio telephone, and Goodman, accompanied by Investigator Scott, arrived on the scene about a quarter of six. There were eleven cans of the illicit liquor in the truck and five on the ground. A seventeenth can contained gasoline. After it became daylight five photographs were taken.

Three of the photographs, marked Exhibits 3, 4 and 5 when they were introduced in evidence by the Government, were said by Government witnesses to show the scene as it was when Martin and Pace arrived. The photograph marked Exhibit 1 showed cans being emptied by officers. The photograph marked Exhibit 2 was of all of the cans moved together at the rear of the truck, a picture which admittedly did not rep-

resent conditions as they had existed at the time the officers arrived on the scene. All of the photographs were admitted in evidence over Tucker's objection.

Tucker and Butler were taken to the county jail. Butler was questioned, first alone and later in the presence of Tucker. At the trial Goodman testified that Butler, in the presence of Tucker, stated that Tucker came to his house about five o'clock and requested his help in unloading a truck of liquor, that he went with Tucker in Tucker's car to the pickup truck, that Tucker said he would be paid for helping with the unloading but no amount was agreed upon, and that upon arriving at the truck they started unloading it. The court refused to grant the motion of Tucker that the jury be instructed to disregard Butler's confession in so far as it related to Tucker. Butler, who had been indicted and tried with Tucker, testified as a witness on his own behalf and told the same story with greater detail from the stand as Goodman had quoted him as telling at the Orange County Courthouse.

Two questions are raised by Tucker on his appeal. The first of these is whether it is reversible error for the court to admit the photographs in evidence over the appellant's objection. The second question is whether it was error to admit the confession of Tucker's codefendant Butler without instructing the jury that it was not to be considered against Tucker.

■■ There is no merit in the appellant's contention that because the officers arrived at the scene during darkness and the photographs were not taken until daylight, the pictures are not true portrayals of the scene and hence are not admissible. Exhibits 3, 4 and 5 were representations of what the officers saw, and so were properly admitted. 32 C.J.S.

Evidence § 709, p. 611; Trucking, Inc. v. Krotzer, 6 Cir., 1939, 106 F.2d 447. Objection was also made to Exhibits 1 and 2 on the ground that they were posed photographs. Exhibit 2 was of the cans which had contained the liquor. It was not and did not purport to be a representation of the scene as it was when the officers arrived. This photograph was an accurate representation of the containers in which the illegal liquor was contained. It is illustrative of a material fact and the admission was not improper. So also was Exhibit 1 properly admitted. This picture showed the officers pouring out the moonshine whiskey. The photograph corroborated the evidence of the officers as to the disposition made of the contents of the cans. There was no error or abuse of discretion in allowing all of the photographs to be given in evidence. 2 Wharton's Criminal Evidence, 12th ed. 650 et seq. § 686; McCormick on Evidence 387 § 181.

■■ It seems well settled that the declarations of one defendant which were made in the presence of the other, and made under such circumstances as would warrant the inference that he would naturally have contradicted them if he did not assent to them, are properly received in evidence as tacit admissions. Sparf v. United States, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343; Ah Fook Chang v. United States, 9 Cir., 1937, 91 F.2d 805; Gentili v. United States, 9 Cir., 1927, 22 F.2d 67; Graham v. United States, 8 Cir., 1926, 15 F.2d 740; 22 C.J.S. Criminal Law § 769, p. 1312 et seq.; 2 Jones on Evidence, 722 et seq., § 388. Under the circumstances here there was no error in refusing the requested instruction.

The judgment of the district court is Affirmed.