PER CURIAM.
By this appeal, the State of Florida seeks review of an order entered in a habeas corpus proceedings, remanding the relator [a minor] for a hearing before the juvenile court. Said order and amended order found that the relator "was incarcerated on or about April 23, 1965, in Youth Hall, a detention facility for juveniles, in Dade County, Florida, and was detained without hearing as required by F.S. 39.03(7) [F.S.A.] from that date through and including the present time; and that by reason thereof, the said detention is unlawful and illegal and in violation of law.” In and by said amended order, the circuit judge also provided that at any such hearing, the relator would be “entitled to a full and complete explanation of his constitutional and statutory rights; as also such rights as guaranteed by our statutes and constitutions, without limitation; confrontation of witnesses against him; compulsory process; examination and cross examination of witness ; and if he and his guardian are indigent to court-appointed counsel.” By this appeal, the State has preserved for review the propriety of this order, and urges error in the finding of the circuit court, and in the resultant order directing a hearing under certain limitations.
The statute under which the circuit judge held that the relator was entitled to a hearing reads as follows:
“§ 39.03(7) No child taken into custody zvho has not been adjudicated to be a dependent or delinquent child shall be detained in custody longer than two days, excluding Sundays and legal holidays, unless a special order so directing is made by the judge, finding that the release of the child would be inimical to the welfare of the child or of the public, stating the reasons for such finding. The reasons for such finding shall be reviewable by appeal or in habeas corpus proceedings.” [emphasis added]
If it appeared from the record that the proceedings in the juvenile court represented the first time the relator had ever been called before that forum, then undoubtedly the circuit judge would have been correct in reviewing by habeas corpus, pursuant to the latter portion of the statute, whether or not the juvenile judge had accorded the minor a hearing and made findings that it was inimical to the best interests of the community for the minor to be detained. However, it is apparent from this record that on at least three different occasions the minor in the instant case had been declared delinquent. Therefore, under the obvious wording of the statute, the juvenile judge was not required to have a hearing within two days to determine whether it would be inimical to the best interests of the community to release the minor, he previously having been adjudicated to be a delinquent child.
We recognize in the record that in each of the previous instances where the minor was found to be a delinquent and probation or punishment accorded him, he had secured an order reflecting satisfactory performance under such probation or punishment. However, it is apparent from the plain reading of the statute that once a minor is apprehended, who has previously been declared a delinquent [notwithstanding any subsequent discharge from probation or punishment], the juvenile court may detain him without the hearing provided for in § 39.03(7), Fla.Stat, F.S.A.
Therefore, so much of the order of remand which was conditioned upon a further hearing is erroneous and is hereby stricken. Upon the circuit judge determining that the *14 relator had previously been adjudicated a delinquent, the extent of an appropriate order would have been to remand him for further proceedings in accordance with Chapter 39.
In view of the above, it is not necessary for a determination of this decision to rule upon the type of hearing that is to be accorded a minor in the juvenile court as to bail, confrontation of witnesses, cross-examination, right to counsel, etc. But, these matters have been reviewed and disposed of in an opinion of this court in In Interest of T.W.P., Fla.App.1966, 184 So. 2d 507, [opinion filed March 29, 1966],
It is further noted that the jurisdiction of the circuit court to entertain a habeas corpus proceeding in a juvenile matter is specifically provided by § 39.03 (7), but limited to determining whether or not the juvenile judge correctly found that a person not previously adjudicated delinquent should not be released from detention, as same would be inimical to the best interest of the community. There is no general supervisory jurisdiction in the circuit court over juvenile courts. In this connection, see and compare Clark v. State ex rel. Rubin, Fla.App.1960, 122 So.2d 807; State ex rel. Gerstein v. Schulz, Fla.App.1965, 180 So.2d 367.
Therefore, for the reasons above stated, the order on appeal is hereby modified to one of remand only and, as modified, shall be and read that the writ of habeas corpus is discharged and the petitioner in habeas corpus is remanded to the custody of the respondents.
It is so ordered.