BARKDULL, Judge.
The above cases were consolidated for purposes of appellate review in this court. Both of the appellants seek review of an adverse jury verdict finding them guilty of first degree murder with a recommendation of mercy. Following an adjudication and sentence to life imprisonment, they bring this appeal.
The record reveals that these appellants [who were sixteen years of age at the time involved], together with another minor, participated in a robbery which resulted in the death of the intended victim as a result of action taken by the third participant with a deadly weapon. The parties were apprehended immediately after the commission of the felony murder and delivered to the custody of the juvenile authorities of Dade County. While in the custody of that court, statements implicating them in the felony murder were taken from them and thereafter, pursuant to the provisions of § 39.02(6), Fla.Stat., F.S.A., the juvenile court held a hearing and waived jurisdiction in favor of the circuit court. Subsequently, the appellants were indicted by the grand jury for first degree murder and brought to trial. At the time of the trial, the confessions rendered while in the custody and control of the juvenile court were entered into evidence over objections.[1]
Upon this appeal, the appellants have preserved by proper assignment of error and points several alleged errors in the rulings of the trial court. However, with the exception of the admission in evidence of the confessions, we find no merit in the contentions made by the appellants.
We hold that it was error for the trial court to admit the confessions taken from the appellants while they were in the care, custody and control of the juvenile court, because while in the care, custody and control of that court they were not entitled to the constitutional protection of due process of law as accorded an adult. See: In Re T.W.P., Fla.App.1966, 184 So.2d 507; State v. Dennis, Fla.App.1966, 185 So.2d 12 (opinion filed April 12, 1966).[2] Therefore, if they were not entitled to these protections at the time their confessions were given to the juvenile authorities, then certainly the fruit of this interrogation should not be used against them when placed on trial for their lives in the circuit court. In this regard, see the following authorities: Harling v. United States, 1961, 111 U.S.App.D.C. 174, 295 F.2d 161; Edwards v. United States, *9 1964, 117 U.S.App.D.C. 383, 330 F.2d 849. See, also: Kent v. United States, 1964, 119 U.S.App.D.C. 378, 343 F.2d 247, (reversed on other grounds) 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84.
For the reasons above stated, the verdicts, adjudications and sentences here under review be and the same are hereby reversed and set aside. And, the appellants be and they are hereby remanded to the Circuit Court in and for the Eleventh Judicial Circuit in and for Dade County for a new trial on the original indictments.
Reversed and remanded with directions.

. The State contends that an appropriate objection was not made. From a reading of the entire colloquy between court and counsel, it appears that an appropriate objection was made. But even in the event this was not so, we would have the prerogative to review this matter in accordance with Rules 3.7, subd. i and 6.16, Florida Appellate Rules, 31 F.S.A.

. It is noted that these cases were decided subsequent to the trial of these cases in the circuit court.