Leroy WALKER, Petitioner,

v.

STATE OF FLORIDA, Louie L. Wainwright, Respondents.

Civ. No. 68–1138.

United States District Court, S. D. Florida.

June 24, 1971.

Bruce S. Rogow, Miami, Fla., for petitioner.

Barry Scott Richard, Asst. Atty. Gen., Miami, Fla., for respondents.

## ORDER DISMISING PETITION FOR WRIT OF HABEAS CORPUS

CABOT, District Judge.

This is a petition for writ of habeas corpus filed by Leroy Walker, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2254.

Petitioner is serving a life sentence imposed upon him by the Circuit Court in and for Dade County, Florida, following trial by jury and conviction of first degree murder. On the basis that the trial court erred in admitting petitioner's confession, the Third District Court of Appeal reversed the conviction. Walker v. State, 188 So.2d 7, Fla.3d Dist.1966. The Florida Supreme Court entertained a petition for certiorari, reversed the district court, and reinstated the conviction. State v. Francois, 197 So.2d 492, Fla.1967. The United States Supreme Court denied certiorari. Walker v. Florida, 390 U.S. 982, 88 S.Ct. 1102, 19 L.Ed.2d 1279, 1968.

Petitioner alleges that he is being held in custody unlawfully in that his statement, introduced against him at trial, was (1) involuntary under the "totality of the circumstances" test, (2) improperly admitted in that petitioner was never advised of his right to counsel, and (3) admitted in violation of his Sixth Amendment rights to confrontation and cross-examination in that petitioner's statement included prejudicial testimony from a co-defendant subsequently adjudged insane and confined to a mental institution at the time of trial. Petitioner has exhausted his available state remedies and the petition is therefore properly before the court, and upon request of petitioner's counsel oral argument was held in the cause.

Petitioner alleges that his confession was involuntary under the "totality of the circumstances" test in that (1) the authorities failed to advise petitioner of his rights to remain silent and his right to counsel, (2) the authorities failed to advise petitioner's mother that her 16 year old son was being held in custody, (3) the authorities failed to present petitioner before a magistrate until ten days after he was taken into custody, (4) petitioner confessed only after he was told that a co-defendant had implicated him, and (5) his confession was

elicited upon a detective's promise that petitioner would be returned to the juvenile authorities.

With respect to this point, petitioner relies upon and alleges a parallel between his case and the Supreme Court decision in Gallegos v. State of Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325, 1962. In *Gallegos*, the court held that the confession obtained from Gallegos was involuntary in that it was solicited from a 14 year old boy who had been held five days without officers sending for his parents or seeing that he had advice of a lawyer or an adult friend and without their bringing him immediately before a judge notwithstanding an earlier confession. Petitioner draws parallels here to the ages of the individuals, the length of time between their arrests and first judicial hearing, and between their informal and formal confessions, and buttresses his position by pointing out that while Gallegos was informed of his right to counsel, his right to have parental advice, and that his mother was notified of her son's arrest on the day of the arrest that these factors were not present in this case. Petitioner concludes, therefore, that this case is stronger than *Gallegos* and that he is consequently entitled to relief. Resolution of the issue, however, cannot rest upon a listing of parallels, but rather is dependent upon analysis of all factors involved, both individually and collectively, as they appear from a review of the entire record.

■ Title 28 U.S.C. § 2254(d) establishes a presumption of correctness of findings of fact made by a state trial court, provided the state factual determination was fairly supported by the record as a whole. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, 1963. The state trial court judge had sufficient testimony before him to conclude that the confession of the petitioner was voluntary under the "totality of the circumstances" test. The record reflects that before petitioner made his statement on April 17, 1964, the authorities received permission from the juvenile court to question him and that he was advised that his statements must be freely and voluntarily made and that no force or duress would be exerted nor would he be given any promises of reward or leniency in return for his statement. Petitioner acknowledged that he understood these advisements and proceeded to make his statements. With reference to the petitioner's claim that his confession was obtained upon a promise to return him to juvenile authorities, the trial record contained contradicting testimony as to such a promise, and the court could have plausibly determined that no promise was in fact made by the police, consistent with the testimony of Detective A. J. McLaughlin and the inclusion in the petitioner's confession of a recitation that he was not promised "leniency or reward" in return for his confession. The allegation of petitioner relating to the failure of the police to comply with Florida Statute § 39.03(3), (1969), F.S.A., by neither notifying petitioner's mother of his arrest nor delivering petitioner to the local court without delay does not involve a denial of federal constitutional rights, and thus petitioner is not entitled to federal habeas corpus relief upon this ground. See Adams v. Wainwright, 5 Cir. June 14, 1971, 445 F.2d 832. Correspondingly, the contention of petitioner that the delay of ten days between his arrest and the preliminary hearing before a magistrate violated Florida Statutes §§ 901.05 and 901.23 (1969), F.S. A., is not of federal constitutional dimension, since "a preliminary hearing before a magistrate is not a federal constitutional right which, if denied, requires a petitioner's release on habeas corpus." Murphy v. Beto, 416 F.2d 98, 100, 5 Cir. 1969.

■ Petitioner has also alleged that he was denied his Sixth Amendment rights to confrontation and cross-examination in that the court erred in admitting his statement which included testimony of a co-defendant who had been adjudged insane. The record reflects that while petitioner was first reluctant

to give his statement he subsequently agreed to do so when told that a co-defendant, one Bennie Rolle, had confessed and had implicated petitioner. Thereafter, under questioning from Detective McLaughlin, which was being simultaneously transcribed, the co-defendant Rolle was brought into the room and in the statement accused Walker of asking why he, meaning Rolle, had shown such sympathy for the victim and of saying of the victim, "Burn him."

Petitioner relies upon Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, 1968. In *Bruton* the Supreme Court held that the trial court erred in admitting in evidence the confession of a non-testifying co-defendant, which confession implicated the defendant. The court in its concern for the defendant's Fifth and Sixth Amendment rights thus overruled its decision in Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, 1957. The respondent, however, asserts that *Bruton* is inapplicable on the facts for it is limited to a "nonconfessor" at whose trial the incriminating confession of another is introduced into evidence. Respondent further asserts that petitioner was not denied his rights to cross-examination and confrontation in that he adopted as his own and thus tacitly approved the contents of the confession. Tucker v. United States, 279 F.2d 62, 5 Cir. 1960; Oakes v. Patterson, 278 F.Supp. 703, D. Colo.1968.

While the record does support a conclusion that petitioner did adopt portions of statements made by Rolle during the recordation of his statements it is clear that petitioner disputes asking Rolle why Rolle showed so much sympathy for the victim, and it is reasonable to infer from a reading of the record that Walker disputes telling Rolle to "burn" (shoot) the victim. Consequently, *Tucker, supra,* is inapplicable to this case insofar as these statements are concerned. However, it is clear that Walker did not dispute Rolle's statement and in fact independently admitted that the defendants, Walker, Rolle, and Kerry Francois, were walking the streets and had planned on robbing somebody, that Walker knew Rolle or Francois had a gun and in fact earlier that evening Walker had possession of the gun himself, and that when Rolle approached the victim it was obvious to Walker who the robbery victim would be, and finally that Walker stated to Rolle that he knew that they would all get the same amount of time even though Rolle pulled the trigger. These statements and admissions were adopted by petitioner as his own and fall within the rule expressed in *Tucker, supra,* and *Oakes, supra,* and the cases cited therein.

Moreover, even assuming *Bruton* applies to these facts it is clear that *Bruton* error may, when examined in the total context of the case, be harmless. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, 1969. The evidence of defendant's guilt in this case is overwhelming within the meaning of *Harrington* and admission of the "sympathy" and "burn him" statements could not have so prejudiced petitioner's case as to deny him a fair trial.

■ Finally, petitioner alleges that notwithstanding Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, 1966, applying *Miranda* prospectively only, he is entitled to relief under In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, 1967, inasmuch as he was not advised of his right to counsel. Recognizing that the Supreme Court has not yet considered the question of whether a juvenile is entitled to counsel at an interrogation, petitioner asserts that because the confession here resulted in mandatory adult prosecution the failure to advise him of his right to counsel at interrogation rendered the confession inadmissible. This court, however, disagrees. To apply *Gault* retroactively but *Miranda* prospectively results in inconsistent treatment between adults and juveniles and is especially inappropriate here where the juvenile is being held to answer as an adult for his actions. Additionally, it is inappropriate because the right to counsel in juvenile delin-

quency proceedings was extended to juveniles because a juvenile's loss of liberty if adjudged delinquent was found comparable in seriousness to an adult's loss of freedom on a commitment following a felony prosecution. *Gault* established that in "loss of liberty proceedings" the juvenile, with respect to certain constitutional rights, is to be treated as an adult. Walker was entitled to and was treated as an adult. No more was required, no less was offered. Furthermore, the criteria for rendering constitutional rules of criminal procedure retroactive as expressed in Johnson v. New Jersey, *supra*, when applied to *Gault* do not establish the judicial necessity to rule *Gault* retroactive. The rationale for holding *Miranda* to be only prospective was based upon the following observations:

1. The *Miranda* safeguards existed prior to the actual decision to the extent of being available to prove the involuntariness of the resulting confessions. The failure to warn an accused person of his rights or the failure to grant him access to outside assistance were factors in determining the voluntariness of confessions even before they achieved formal recognition as constitutionally required in *Miranda*.

2. The effect upon the administration of justice if *Miranda* were held retroactive would "require the retrial or release of numerous prisoners found guilty by trustworthy evidence in conformity with previously announced constitutional standards." *Johnson*, 384 U.S. at 731, 86 S.Ct. at 1780, [1966]. Superimposing these retroactivity determinants upon the *Gault* decision, it becomes evident that the same reasoning against retroactivity of *Miranda* in *Johnson* holds true in this case against finding *Gault* retroactive. The failure to advise a juvenile of his right to the assistance of counsel assumed importance prior to *Gault* as one element in resolving the issue of the voluntary character of a juvenile's confession under the "totality of the circumstances" test. Secondly, the immediate impact of imputing retro-

activity to *Gault* would be to unduly burden the court with rehearings and retrials of prisoners otherwise fairly tried in accordance with the then applicable constitutional guidelines.

Accordingly, it is ordered and adjudged that the petition of Leroy Walker for a writ of habeas corpus be and the same is hereby dismissed.