**Leroy WALKER, Petitioner-Appellant,**

v.

**STATE OF FLORIDA and Louie L. Wainwright, Respondents-Appellees.**

**No. 71-2693.**

United States Court of Appeals, Fifth Circuit.

Aug. 22, 1972.

Bruce S. Rogow, Miami, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., Barry Scott Richard, Asst. Atty. Gen., Arnold R. Ginsberg, Miami, Fla., for respondents-appellees.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM.

The opinion of the district court reported at 328 F.Supp. 620 (S.D., Fla., 1971), more than adequately states this case.[1] We agree with the district court's holdings insofar as they relate to the issues of voluntariness of the confession, and the harmlessness of the error arising through asserted violations of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

---

[1]. See also Francois v. State, 188 So.2d 7 (Fla.D.C.A., 1966); State v. Francois, 197 So.2d 492 (Fla., 1967), cert. den. Walker v. Florida, 390 U.S. 982, 88 S.Ct. 1102, 19 L.Ed.2d 1279 (1969).

Compare Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.E.2d 340 (1972). We, however, think it unnecessary to express an opinion regarding the question of the retroactive application of the principles enunciated by the Supreme Court in In re Gault, 387 U.S. 1, 87 S. Ct. 1428, 18 L.Ed.2d 527 (1967).

On the record before us the question of the retroactivity of *Gault* is simply not presented. The record shows that appellant at the time of his confession was a juvenile. The consequences of his criminal act, however, had not jelled at the time he made his oral confession. The offense charged did not become murder until shortly after his verbal confession when the victim of the assault died. Under Florida law juvenile authorities were bound to treat appellant as an adult as of that time. F. S.A. § 39.02(6).[2] Consequently and unlike Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), there was no element of discretion in the decision of the juvenile authorities to certify appellant for trial as an adult. In such circumstances, without regard to whether *Gault* is retroactive, it is clear that appellant has no greater substantive claim than would an adult tried at the same time. Cf. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L. Ed.2d 882 (1966). The hearing which certified appellant as an adult was akin to a preliminary hearing. Counsel at preliminary hearings is now required for adults, Coleman v. Alabama, 399 U. S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), and in the related proceeding for juveniles, Kent v. United States, supra, but since the *Coleman* decision has recently been held non-retroactive, Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972), we can perceive no reason for the result to differ as regards a juvenile proceeding which was both pre-*Gault* and pre-*Miranda* [Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)].

The judgment of the district court is affirmed.

2. "(6) If the judge deems that any child brought into juvenile court as a delinquent child, who is fourteen years of age or older, and who, if an adult, would be charged with a violation of Florida law constituting a felony, should be transferred to the court which would have jurisdiction of the child if the child were an adult, or if any child brought into juvenile court as a delinquent child, and who, if an adult, would be charged with a violation of the laws of Florida, so demands prior to or at the commencement of the hearing before the court, the judge shall enter an order waiving jurisdiction and certifying the case to the court which would have jurisdiction of the child if the child were an adult, and thereafter the child shall be subject to the jurisdiction of the other court as if the child were an adult; *provided, that a child sixteen years of age or older who, if an adult, would be charged with a capital offense, shall be so transferred;* provided, further, that jurisdiction over any child transferred under the provisions hereof shall revert to and be reinvested in the juvenile court making the transfer in the event that no criminal charge is brought against such child in the court to which he is transferred by the end of the next term of said court which commences after such transfer, or in the event that a criminal charge brought within that time is nolle prosequied or dismissed, and no further charge is brought in said court within sixty days thereafter; providing further, that any child irrespective of age, who, if an adult, would be charged with a violation of Florida law punishable by death or life imprisonment and such offense is presented to the grand jury who returns an indictment against said child, then the juvenile court shall waive its jurisdiction of said child for said offense and shall transfer the child to the proper court having jurisdiction to try said offense."
(Italics supplied.)