Michael A. McLEMORE, a minor, by Barry H. Powell, next friend, Individually, and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

Harold B. CUBLEY, Youth Court Judge of Forrest County, Mississippi, et al., Defendants-Appellees.

No. 76–2286.

United States Court of Appeals, Fifth Circuit.

March 20, 1978.

Barry H. Powell, Central Miss. Legal Services, Houston J. Patton, Jackson, Miss., for plaintiffs-appellants.

P. Roger Googe, Jr., Asst. Atty. Gen., Charles B. Farber, Sp. Asst. Atty. Gen. of Miss., Jackson, Miss., for defendants-appellees.

Before HILL, RUBIN, and VANCE, Circuit Judges.

PER CURIAM:

The sole issue on appeal in this class action [1] is whether a juvenile can intelligently and competently waive his right to counsel in a juvenile delinquency proceeding without the prior advice and assistance of counsel. The district court held that such advice and assistance is not constitutionally required and granted a summary judgment for the defendants-appellees. We affirm the district court judgment on the basis of Supreme Court and Fifth Circuit precedent.

In *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the Supreme Court held that juveniles have a due process right to counsel in delinquency adjudication proceedings, the context in which the case on appeal arose. Although the Court in *Gault* did not directly address the issue presently before this Court, language in the *Gault* opinion strongly indicates that the assistance and advice of counsel is not a prerequisite to a valid waiver of counsel. The Supreme Court stated that in delinquency adjudication proceedings, a juvenile and his parents have:

> . . . a right expressly to be advised that they might retain counsel and to be confronted with the need for specific consideration of *whether they . . choose to waive the right.* If they [are] unable to afford to employ counsel, they [are] entitled in view of the seriousness of the charge and the potential commitment, to appointed counsel *unless they [choose] waiver.* (emphasis supplied) 387 U.S. at 42, 87 S.Ct. at 1451.

Additionally, this Court consistently has held that a court must examine the "totality of circumstances" to determine whether a juvenile has validly waived his rights against self-incrimination and to counsel. Age is only one factor that a court must consider. *United States v. Barfield*, 507

---

1. The district court certified the plaintiffs-appellants' class as, "All juveniles now being adjudicated or who in the future will be adjudi-cated to be delinquent by the Youth Court of Forrest County, Mississippi, who are not represented by counsel in such an adjudication."

F.2d 53, 57 (5th Cir.), *cert. denied*, 421 U.S. 950, 95 S.Ct. 1684, 44 L.Ed.2d 105 (1975); *Rivers v. United States*, 400 F.2d 935, 942–43 (5th Cir. 1968); *West v. United States*, 399 F.2d 467, 468–69 (5th Cir. 1968), *cert. denied*, 393 U.S. 1102, 89 S.Ct. 903, 21 L.Ed.2d 795 (1969). These cases arose in the context of a juvenile giving an out-of-court statement after receiving the *Miranda* warning and after waiving his rights to remain silent and to be represented by counsel. The issue in those cases, however, is the same as the issue in the case presently before this Court, the validity of a juvenile's waiver of a constitutional right. Therefore, we AFFIRM.