No. 81–5324. UNITED STATES EX REL. RILEY *v.* FRANZEN, DIRECTOR, ILLINOIS DEPARTMENT OF CORRECTIONS, ET AL. C. A. 7th Cir. Certiorari denied. 

JUSTICE MARSHALL, dissenting.

Petitioner Thomas Riley was arrested in connection with three homicides. At the time of his arrest, he was 16 years old. Petitioner was held for several hours in a police car and subsequently in a jail cell. In the police station, after being advised of his constitutional rights to remain silent and consult with an attorney, petitioner asked to speak to his father, who had come to the station when he learned of his son's arrest. This request was ignored by the police. Petitioner then confessed to the crimes. After a jury trial in the Circuit Court of Cook County, Ill., he was convicted of two counts of murder and one count of involuntary manslaughter. Prior to trial, Riley unsuccessfully moved to suppress his confession, claiming, *inter alia*, that the request of a juvenile defendant to see a parent is the functional equivalent of an adult's request for an attorney and should terminate police interrogation.

On direct appeal, the Illinois Appellate Court rejected petitioner's challenge to the admissibility of his confession. *People* v. *Riley*, 49 Ill. App. 3d 304, 364 N. E. 2d 306 (1977). The Illinois Supreme Court denied leave to appeal. This Court denied a petition for a writ of certiorari. 435 U. S.

1000 (1978). I dissented, noting that there was a conflict of authority on the question whether an accused child's request to see a parent must be honored by the police before they continue interrogation.

Having exhausted his available state remedies, Riley filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Illinois. That court ultimately rejected his claim that the confession should have been suppressed. The United States Court of Appeals for the Seventh Circuit affirmed. 653 F. 2d 1153 (1981). The Court of Appeals relied heavily on this Court's recent decision in *Fare* v. *Michael C.*, 442 U. S. 707 (1979), which held that a juvenile's request for his probation officer did not necessarily constitute an invocation of his Fifth Amendment privilege. Petitioner again filed a petition for a writ of certiorari in this Court. The petition is now denied. Because I continue to believe that the issue presented here is substantial, and because the decision of the court below further contributes to the conflict among authorities, I dissent. The Court's decision in *Fare* v. *Michael C.* does not determine the result in this case. *Fare* v. *Michael C.* emphasized that a probation officer has a statutory duty to report wrongdoing by the juvenile and serve the ends of the juvenile court system. Thus, he would be particularly hampered in his efforts to protect the juvenile's legal rights. Obviously, a parent is in a very different position.