**UNITED STATES of America, Appellee,**

v.

**Michael WHITE BEAR, Appellant.**

**No. 81–1723.**

United States Court of Appeals,
Eighth Circuit.

Jan. 7, 1982.

Ralph A. Vinje, Bismarck, N. D., for appellant.

James R. Britton, U. S. Atty., James S. Hill, Sp. Asst. U. S. Atty., Bismarck, N. D., for appellee.

Before GIBSON, Senior Circuit Judge, and ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

This is an appeal by Michael White Bear from the judgment of the district court[1] finding him guilty of rape and adjudging him to be a juvenile delinquent within the meaning of the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031 and 5037. The sole issue presented to this court for decision is whether the district court properly admitted into evidence incriminating statements made by appellant to the arresting officers. We find that the statements were properly admitted and affirm the judgment of the district court.

The essential facts surrounding appellant's statements are as follows. On May 4, 1981, appellant, a 17-year-old Indian minor, and two of his cousins were taken to the White Shield Police Department by an agent of the Federal Bureau of Investigation and an agent of the Bureau of Indian Affairs for questioning in connection with the rape of a young school teacher. Each of the juveniles was interviewed separately and each was advised of his constitutional

1. The Honorable Bruce M. Van Sickle, United States District Judge, District of North Dakota.

rights, as delineated in *Miranda v. Arizona*,[2] prior to his interview. At the time appellant was advised of his rights, his aunt, who was also the mother of one of the other juveniles, was present and she along with appellant acknowledged the advice of rights form and signed it indicating that appellant knowingly waived his right to remain silent and his right to be represented by counsel before making a statement. After appellant signed the form his aunt left the room but his mother arrived shortly thereafter, before the interview began. The FBI agent explained to appellant's mother what had transpired and she agreed to allow the questioning of the appellant. She was not told of appellant's *Miranda* rights but was instead shown the advice of rights form which included the written waiver form that appellant and his aunt signed. Appellant's interview lasted twenty-nine minutes. Thereafter, appellant was placed under arrest for the crime. Appellant contends that during the interview he made several incriminating statements which placed him in the area of the crime at the time of its occurrence. Appellant claims that these statements contributed to the case the Government subsequently brought against him.

We note at the outset that the record demonstrates that appellant was given full *Miranda* warnings. Appellant does not challenge this on appeal. Instead, the crux of his argument to this court is that his statements should have been suppressed because he did not make a valid waiver of his rights inasmuch as the arresting officers failed to adequately advise his mother of his constitutional rights as required by the Federal Juvenile Delinquency Act, 18 U.S.C. § 5033, as amended. Relying upon section

5033 and *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 257 (1967), appellant takes the position that because he is a juvenile he had the right to have an informed and knowledgeable adult present during the interview to aid him in the exercise of his constitutional rights. Appellant argues that the failure to provide him this safeguard denied him due process and entitles him to a reversal of the adjudication of delinquency. For the reasons stated below we disagree.

Section 503 of the 1974 Juvenile Justice and Delinquency Prevention Act amended section 5033 of Title 18 U.S.C. to read:

> Whenever a juvenile is taken into custody for an alleged act of juvenile delinquency, the arresting officer shall immediately advise such juvenile of his legal rights, in language comprehensive to a juvenile, and shall immediately notify the Attorney General and the juvenile's parents, guardian, or custodian of such custody. The arresting officer shall also *notify* the parents, guardian, or custodian of the rights of the juvenile and of the nature of the alleged offense. [Emphasis supplied.]

Section 5033 requires only that the arresting officers notify the juvenile's parents of the juvenile's rights.[3] The legislative history of the 1974 Act does not expound upon the underlying purpose of the notification provision. It does, however, point out that Congress intended to guarantee the basic procedural and constitutional protections to juveniles under federal jurisdiction, as mandated by the Supreme Court's decision in *In re Gault*.[4] S.Rep.No.93–1101, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 5283, 5312. Thus, we find applica-

---

**2.** *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). (Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed.)

**3.** The record indicates that appellant's mother was informed of the charges against him and

told that he would be appointed an attorney. The complaint here is that she was not given the full *Miranda* warnings before he was questioned.

**4.** *Gault* held that in proceedings to determine whether a juvenile is "delinquent," the juvenile must be accorded full due process including the rights to notice and counsel.

ble the Court's statements in *Gault* with respect to juvenile admissions:

> We conclude that the constitutional privilege against self-incrimination is applicable in the case of juveniles as it is with respect to adults. We appreciate that special problems may arise with respect to waiver of the privilege by or on behalf of children, and that there may well be some differences in technique—but not in principle—depending upon the age of the child and the presence and competence of parents. The participation of counsel will, of course, assist the police, Juvenile Courts and appellate tribunals in administering the privilege. If counsel was not present for some permissible reason when an admission was obtained, the greatest care must be taken to assure that the admission was voluntary . . . .

*In re Gault*, 387 U.S. 1, 55, 87 S.Ct. 1428, 1458, 18 L.Ed.2d 257 (1967).

■ It is apparent from the foregoing that the Court does not hold the presence of parents or counsel necessary to obtain a valid confession or that juveniles are incapable of waiving the right to remain silent. Thus, while we find merit to appellant's argument that his mother could have aided him in the exercise of his constitutional rights, we are not persuaded that *Gault* or section 5033 mandate such parental consultation in order for a juvenile's incriminating statements to be admissible. Rather, we think the requirement of notification to parents is intended to furnish an additional safeguard to insure that the juvenile's basic right to due process is not violated.[5] The requirement does not implicate any constitutionally protected rights. Indeed, *Gault* established that "in 'loss of liberty proceedings' the juvenile, with respect to certain constitutional rights, is to be treated as an adult . . . . No more was required, no less was offered." *United States v. Watts*, 513 F.2d 5, 9 (10th Cir. 1975), *quoting Walker v.*

*State of Florida*, 328 F.Supp. 620, 624 (S.D. Fla.1971), *aff'd*, 466 F.2d 485 (5th Cir. 1972). Consequently, we agree that the "concepts of due process and fundamental fairness serve as guides in determining whether a juvenile has waived his privilege against self-incrimination, a purely factual question." *West v. United States*, 399 F.2d 467, 469 (5th Cir. 1968).

■ Viewing the matter in this posture, the admissibility of appellant's statements depends upon whether they were given under such circumstances that it may be said he was not deprived of "due process" or "fundamental fairness." This requires a determination that his statements were, in fact, free and voluntary, *Malloy v. Hogan*, 378 U.S. 1, 7, 84 S.Ct. 1489, 1493, 12 L.Ed.2d 653 (1964), in the sense not only that they were not coerced or suggested, but also that they were not the products of ignorance of rights or of adolescent fantasy, fright, or despair. *In re Gault*, 387 U.S. at 55, 87 S.Ct. at 1458. In making that determination, the Supreme Court has held that the totality-of-the-circumstances approach is adequate to determine whether there has been a waiver even where interrogation of juveniles is involved. *Fare v. Michael C.*, 442 U.S. 705, 725, 99 S.Ct. 2560, 2572, 61 L.Ed.2d 197 (1979). This approach mandates inquiry into all the circumstances surrounding the interrogation, such as: the juvenile's age, experience, education, background, intelligence, whether he had the capacity to understand the warnings given him, the nature of his fifth amendment rights, and the consequences of waiving those rights. *Id.*

■ We conclude that the totality of the circumstances indicates appellant made a valid waiver of his rights. As stated previously, appellant was given full *Miranda* warnings and he signed a written waiver of

---

5. *United States v. Watts*, 513 F.2d 5, 8 (10th Cir. 1975); *see also Holloway v. Wainwright*, 451 F.2d 149 (5th Cir. 1971) (interpreting a similar state statute). This court is aware that *several states do require parental consultation in order for a juvenile's confession to be admis-*

sible. *E.g., People v. Saiz*, 620 P.2d 15, 19 (Colo.1980) (quoting C.R.S. § 19–2–102(3)(c)(I) (1973)); *Lewis v. State*, 259 Ind. 431, 288 N.E.2d 138, 142 (1972). We simply do not find the intent to require such consultation under the federal statute.

413

his rights before making his statement. He did not indicate at any stage of the process that he wished to consult an attorney before he spoke. Appellant has made no contention that he did not fully understand what the agent told him, nor are there special factors to indicate that he was unable to understand the rights he was waiving. He was seventeen years old, attended high school, and was of average intelligence. No facts have been alleged which would support a finding of impropriety in the conduct of the agents. Appellant's interview was approximately twenty-nine minutes in length and his mother was present throughout. Furthermore, the record indicates that appellant and his parents were made fully aware of the charges against him; appellant had the assistance of counsel at his hearing; and his parents assisted in the preparation of his case. Although this court is mindful that the Supreme Court has repeatedly stated that "the greatest care" must be taken to assure that an alleged confession of a juvenile was voluntary, *see e.g., In re Gault*, 387 U.S. 1, 55, 87 S.Ct. 1428, 1458, 18 L.Ed.2d 257 (1967); *Gallegos v. Colorado*, 370 U.S. 49, 54, 82 S.Ct. 1209, 1212, 8 L.Ed.2d 325 (1962); *Haley v. Ohio*, 332 U.S. 596, 599–600, 68 S.Ct. 302, 303–304, 92 L.Ed. 224 (1948) (plurality opinion), our review of the record before us indicates that none of the abuses that concerned the Court in *Gault* and its progeny occurred here.

The judgment of the district court is affirmed.