**Arthur Daniel RONE, Jr., Appellant,**

v.

**Donald WYRICK, Appellee.**

**No. 84–2101.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1985.

Decided June 14, 1985.

Lynn Jaben Bratcher, Kansas City, Mo., for appellant.

Rosalyn Van Heest, Jefferson City, Mo., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and HARPER,* Senior District Judge.

HARPER, Senior District Judge.

Appellant, Arthur Daniel Rone, Jr., appeals from an order of the United States District Court of the Western District of Missouri denying his petition for a writ of habeas corpus.

In his petition, appellant attacks his 1971 conviction for first degree robbery for which the Circuit Court of Jackson County, Missouri sentenced him to fifteen years imprisonment. After exhausting his direct appeals [1] and collateral attacks [2] in the state courts of Missouri, appellant attacks his conviction under 28 U.S.C. § 2254 before the Western District court, D. Brook Bartlett presiding.

The Kansas City police apprehended Rone as he fled the Abashion Confectionary shortly after he, armed with a shotgun, and another youth robbed its sales clerk of ten dollars. Upon leaving the scene, Rone fired a blast from the shotgun into the ceiling of the store. The blast was heard and Rone was seen fleeing the store carrying a "long-barreled gun" by a Kansas City police officer. The two robbers unsuccessfully attempted to escape in a van.

---

\* The HONORABLE ROY W. HARPER, Senior U.S. District Judge for the Eastern District of Missouri, sitting by designation.

**1.** *See In Interest of A.D.R.,* 515 S.W.2d 438 (Mo. banc 1974).

**2.** *See In Interest of A.D.R.,* 603 S.W.2d 575 (Mo. banc 1980).

Rone was taken to the 27th Street Police Station and booked. During the booking process, after receiving the *Miranda* warnings, and in the presence of the arresting officer, Rone made an unsolicited incriminating statement to the effect that it wasn't his day, that the money taken in the holdup was not worth it, and that he wished he had his leather coat left in the van. Upon discovering that Rone was only sixteen years of age, the officer took him to the youth unit at the downtown headquarters, where they met a deputy juvenile officer known to Rone from previous juvenile court experiences.[3]

With the juvenile officer present, the interrogating officer read the *Miranda* warnings to Rone. Rone stated that he understood and signed a card waiving his rights. He proceeded to give a statement incriminating himself and his accomplice. The statement was reduced to writing and signed by him. At trial, without objection, the state offered his statement into evidence after the trial court determined that it was voluntary and admissible.

In his petition before the district court, Rone raises three issues as grounds for habeas corpus relief: (1) Ineffective assistance of counsel, (2) error by the state juvenile court in relinquishing jurisdiction, and (3) unlawful procurement of his confession in violation of his constitutional rights.[4] The district court determined that no further evidentiary hearing was required and decided the issues based on the pleadings and exhibits filed in the case. On appeal, Rone limits his attack to simply the last issue concerning the lawfulness of his confession.

This appeal presents the seminal issue of whether Rone made a valid waiver of his constitutional rights guaranteed by the fifth and sixth amendments prior to giving his incriminating statement during the police interrogation. Appellant maintains that his waiver was invalid for two reasons: First, the totality of the circumstances indicates that he did not knowingly and intelligently waive his rights, and second, this court should adopt a "per se" rule requiring parental presence during a juvenile's custodial interrogation before any of his incriminating statements can be admitted into evidence.

Concerning appellant's first reason, he offers two points in support of his position: (1) During the period from his arrest to his confession, he was without the assistance of his parents, as required by Missouri law, § 211.131.2, R.S.Mo.1969; and (2), although he received the *Miranda* warnings, no one ever explained to him that he may be tried as an adult, and thus, his confession may be used in a criminal proceedings before the circuit court as opposed to the juvenile court.

■ Initially, we note that our review of this federal habeas corpus appeal is constrained by 28 U.S.C. § 2254(a). Hence, we may reverse the district court only if Rone is in custody in violation of the Constitution or laws or treaties of the United States. The standard by which we review a juvenile's waiver of his privilege against self-incrimination is whether, under the totality of the circumstances, the confession was obtained in violation of due process. *Gallegos v. Colorado*, 370 U.S. 49, 55, 82 S.Ct. 1209, 1213, 8 L.Ed.2d 325, 329 (1962). "This requires a determination that his statements were, in fact, free and voluntary (citation omitted), in the sense not only that they were not coerced or suggested, but also that they were not the products of ignorance of rights or of adolescent fantasy, fright or despair." *In re Gault*, 387 U.S. 1, 55, 87 S.Ct. 1458, 18 L.Ed.2d 257 (1967), as cited in *United States v. White Bear*, 668 F.2d 409, 412 (8th Cir.1982). It

---

**3.** Rone had been referred to juvenile authorities on fifteen previous occasions during the twenty months preceding the robbery. In the eight months immediately before the armed robbery under consideration, Rone was referred for attempted larceny, rape, common assault and

flourishing a deadly weapon. 603 S.W.2d at 581.

**4.** For the Missouri Supreme Court's handling of these three identical issues *see In Interest of A.D.R.*, 603 S.W.2d 515, supra.

is also noted that a duty exists to scrutinize with special care confessions by juveniles. *Haley v. Ohio*, 332 U.S. 596, 599, 68 S.Ct. 302, 92 L.Ed. 224 (1984). Being cognizant of these legal principles we examine the record for any indication of a violation of due process in procuring Rone's confession.

■ As for the alleged violation of § 211.131.2 RSMo 1969, Missouri law does not mandate the presence of parents during the custodial interrogation of their child. This section merely requires that "[w]hen a child is taken into custody, the parent, legal custodian or guardian of the child shall be notified as soon as possible." Thus a violation of § 211.131.2 alone does not render the confession involuntary. *Compare Miller v. Maryland*, 577 F.2d 1158 (4th Cir.1978) (considering a similar Maryland statute). In the opinion of this Court, the alleged violation also does not render Rone's confession a product of ignorance. Even coupled with his assumption that his confession would be used in a juvenile court proceeding, we are not persuaded that a violation of due process exists.

■ The factual determinations by the various courts were never contested by the appellant.[5] From the record, we find that the juvenile court observed Rone to be "an intelligent boy with good verbal usage * * * *" and mature beyond his years. Also not in dispute is the Missouri Supreme Court's perception of Rone's confession as follows:

"Rone, a sixteen year old of above average intelligence and extensive experience with law enforcement officials, was interviewed by a Kansas City police officer in the presence of but without participation by a juvenile officer. Before the interrogation, Rone was advised of his rights on three occasions. Despite his assertion the statement was elicited by trickery, Rone admitted the statement was made

voluntarily, without mistreatment or coercion on the part of the interrogating officer and after being told the statement could be used against him in court. Moreover Rone previously had admitted his participation in the robbery during the booking process prior to any investigation." 603 S.W.2d at 584.

Hence, considering Rone's intelligence, enhanced maturity and vast experience with the law, we disagree with his assertion that he unknowingly or unintelligently waived his right against self-incrimination. We find no violation of due process, and thus, admitting into evidence his confession did not violate the Constitution of the United States.

■ As to appellant's second reason, we will not disagree with him as to the desirability of parental presence during a juvenile's custodial interrogation. However, we will disagree as to making parental presence [6] mandatory for the juvenile's confession to be admissible into evidence against him. This court is in no position to require of the state courts in this circuit that which is not required of the federal courts.

In *United States v. White Bear*, supra, this court considered this same issue arising in the district courts. We interpreted § 5033 of the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 et seq., and *In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428 and held that the requirement of notification to parents does not implicate any constitutionally protected right. It is only intended to furnish an additional safeguard to insure that the juvenile's basic right to due process is not violated. Hence, under federal law a juvenile's confession may be admissible even though his parents were not present when the incriminating statement was made.

The admissibility of a confession turns upon notions of "due process" and "funda-

---

5. When reviewing a petition for a writ of habeas corpus, we defer to the factual determinations of the state courts. *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); 28 U.S.C. § 2254(d).

6. By the term "parental presence" we also include legal custodians and legal guardians.

mental fairness" under the totality of the circumstances. *White Bear,* 668 F.2d, at 412, supra. If we believe that such a standard is adequate to protect a juvenile in the federal district courts, we cannot hold the state courts of this circuit to a higher standard.

Accordingly, we affirm the judgment of the district court.