**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos SAUCEDO–VELASQUEZ,
Defendant–Appellant.**

No. 87–1531.

United States Court of Appeals,
Fifth Circuit.

April 18, 1988.

* Due to his death October 19, 1987, Judge Hill did not participate in this decision. The decision of the Court is being issued by a quorum. 28 U.S.C. § 46(d).

Elizabeth Rogers, Asst. Federal Public Defender, Lucien B. Campbell, Federal Public Defender, El Paso, Tex., for defendant-appellant.

Shelley Longmuir, Dept. of Justice, Washington, D.C., Helen M. Eversberg, U.S. Atty., El Paso, Tex., LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, KING and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant, Carlos Saucedo–Velasquez, appeals his conviction for illegal entry into the United States following deportation, pursuant to 8 U.S.C. § 1326, based on the fact that he was under 18 years of age at the time of the deportation. We affirm.

I.

Appellant, a citizen of Mexico, was found in the United States on March 14, 1987, and arrested. He was indicted for the criminal offense of illegal entry into the United States after deportation without having received the consent of the Attorney General of the United States to re-apply for admission. Title 8 of the U.S. Code § 1326 prohibits such a reentry.[1] The deportation

---

1. 8 U.S.C. § 1326 reads:

§ 1326. Reentry of deported alien

Any alien who—

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A)

upon which the government relied occurred on or about July 16, 1986.

Appellant filed a motion to dismiss the indictment against him. He claimed the use of the July 16, 1986, deportation as a basis for a felony conviction under 8 U.S.C. § 1326 violated his constitutional rights to due process because he was still a minor when that deportation occurred. At a pretrial hearing on the motion to dismiss, appellant offered proof that he was born on February 12, 1969, and therefore was 17 years old at the time of the July 16, 1986, deportation. The district court accepted this date of birth, but after reviewing the evidence and hearing the argument of counsel, the court denied the motion to dismiss. The court found that although appellant was 17 years old at the time, he "received due process in each and every respect in connection with" the 1986 deportation. Pursuant to Fed.R.Crim.P. 11(a)(2), appellant entered a conditional plea of guilty with the approval of the court and the consent of the government. Appellant reserved the right to appeal the adverse ruling on his motion to dismiss. The district court sentenced appellant to two years in prison, all but 179 days suspended, with probation without supervision for 5 years following his release. Appellant is now appealing the denial of his dismissal motion.

## II.

The United States Supreme Court has recently expressed concern over the use of the result of a civil administrative proceeding, like a deportation, "to establish an element of a criminal offense." *United States v. Mendoza–Lopez*, —— U.S. ——, ——, 107 S.Ct. 2148, 2155 n. 15, 95 L.Ed.2d 772 (1987). In *Mendoza–Lopez*, the Court held that 8 U.S.C. § 1326 did not appear to allow an alien to challenge the validity of

the underlying deportation collaterally during his trial for illegal entry after deportation. The Court accepted this policy as a statutory matter but it held that the constitutional issues of a fair hearing in the earlier deportation remained. "If the statute envisions that a court may impose a criminal penalty for reentry after *any* deportation, regardless of how violative of the rights of the alien the deportation proceeding may have been, such a statute does not comport with the constitutional requirement of due process." —— U.S. at ——, 107 S.Ct. at 2154 (emphasis in original).

The Court then went on to hold that due process requires the right to a collateral challenge to the deportation proceeding as an element of a criminal offense at least when there was a failure to explain either the right to judicial review of the deportation proceeding or a relevant right to apply for suspension of deportation. The Court, however, declined further to enumerate "which procedural errors are so fundamental that they functionally deprive the alien of judicial review, requiring that the result of the hearing in which they took place not be used to support a criminal conviction." —— U.S. at ——, 107 S.Ct. at 2155 n. 17. *See also United States v. Campos–Asencio*, 822 F.2d 506 (5th Cir.1987).

 In this case appellant is claiming his due process rights were violated because he was a minor at the time of the deportation. He alleges that his age required that counsel represent him at the deportation proceeding. He asserts the deportation hearing was therefore fundamentally unfair. We do not agree.

A review of the record reveals that the Immigration Judge presiding over the July 16, 1986, group deportation hearing informed all present of their right to be represented by counsel in the proceeding.[2]

prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such ad-

vance consent under this chapter or any prior Act,

shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000, or both.

2. Because deportation is a civil proceeding, potential deportees have no Sixth Amendment

Several of the aliens indicated their desire for representation and were ushered from the room. Appellant, along with the remaining aliens, indicated their preference to proceed without legal representation. Appellant, along with the other remaining aliens, then admitted to their deportability and did not request any relief from deportation. Appellant now claims that because of his status as a minor at the time of the deportation proceeding, he was incompetent to waive his right to consult with counsel. He claims the Immigration Judge did not even make any inquiries as to the age of any of the deportees.[3] Appellant asserts that the acceptance of his waiver of counsel was fundamentally unfair and thus violated his due process rights.[4]

The standard for reviewing a minor's waiver of his Fifth Amendment rights was explained by the Supreme Court in *Fare v. Michael C.*, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979). The Court held that the "totality of the circumstances" approach established by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), for reviewing waiver of Fifth Amendment rights by adults, was adequate to determine whether there had been a valid waiver by a juvenile of his rights to remain silent and to have the assistance of counsel. 442 U.S. at 725, 99 S.Ct. at 2572. The Court could "discern no persuasive reasons why any other approach is required where the question is whether a juvenile has waived his rights, as opposed to whether an adult has done so." *Id.* The

circumstances to be considered include "evaluation of the juvenile's age, experience, education, background, and intelligence, and into whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights." *Id.* This Court and a number of other Circuit Courts have applied this "totality of the circumstances" approach in evaluating juvenile waivers in both criminal and civil proceedings. *McLemore v. Cubley*, 569 F.2d 940 (5th Cir.1978); *United States v. Bernard S.*, 795 F.2d 749 (9th Cir.1986); *Rone v. Wyrick*, 764 F.2d 532 (8th Cir. 1985); *United States v. White Bear*, 668 F.2d 409 (8th Cir.1982); *United States Ex Rel. Riley v. Franzen*, 653 F.2d 1153 (7th Cir.), *cert. denied*, 454 U.S. 1067, 102 S.Ct. 617, 70 L.Ed.2d 602 (1981); *United States v. Palmer*, 604 F.2d 64 (10th Cir.1979). Age is only one factor that the court must consider. *McLemore v. Cubley*, 569 F.2d at 940.

A review of the record convinces us that under the "totality of the circumstances," appellant's waiver of counsel during the 1986 deportation hearing was constitutionally valid. There was no fundamental unfairness in the Immigration Judge's accepting this waiver, and therefore appellant was not deprived of his right to due process. The record reveals that appellant, although 17 years of age, had extensive first hand knowledge of immigration procedures in this country and of the criminal

right to counsel. *United States v. Campos-Asencio*, 822 F.2d at 509. An alien does, however, have a right to counsel if the absence of counsel would violate due process under the Fifth Amendment. *Id.* Aliens also have a statutory right to counsel, although not at government expense, and INS regulations require that aliens be informed of this statutory right to counsel and have access to a list of free legal services. 8 U.S.C. § 1252(b); 8 C.F.R. § 242.1(c) (1987).

3. There are regulations setting forth special procedures in the deportation of persons under 16 years of age. 8 C.F.R. § 242.16(b) (1987). Since appellant was over 16 years of age at the time of the 1986 deportation, the procedures in this regulation were not invoked.

4. Appellant does not now assert that he was not deportable on July 16, 1986. He merely alleges that had he had the benefit of counsel he might

have more vigorously pursued voluntary departure in lieu of deportation. *Cf. Partible v. Immigration & Naturalization Service*, 600 F.2d 1094 (5th Cir.1979). The Attorney General has discretion in granting an alien voluntary departure in lieu of deportation if such alien "shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure under this subsection." 8 U.S.C. § 1254(e). These requirements were explained to appellant during the 1986 deportation hearing. Appellant does not now seriously contend that he met these criteria in 1986, but instead argues that the Attorney General's discretion would still allow him to depart voluntarily from the United States in lieu of deportation.

justice system. Appellant had been previously allowed to voluntarily depart the United States many times and had been formally deported on one occasion prior to his 1986 deportation. Appellant had been arrested on several occasions for prostitution, possession of drugs, and theft. He had served some time for convictions on some of these charges.

■ Appellant further exhibited this knowledge by inquiring about voluntary departure in lieu of formal deportation during the 1986 deportation proceeding. The Immigration Judge told appellant that processing a request for voluntary departure might take an additional week if the government objected. Finally, there is no evidence that he had insufficient intelligence to understand the rights he was waiving or the consequences of such a waiver. There was no evidence that this waiver was involuntary or coerced.[5] Under these facts a holding that appellant was entitled to the advice of counsel and could not waive that right would establish an automatic rule that any person under 18 years of age no matter how knowledgeable could not be ordered deported without supplying him with counsel. No such rigid rule is required under a totality of circumstances test.

Overall, we find no improprieties in the 1986 deportation hearing and thus no deprivation of appellant's due process rights due to his being 17 years old. The 1986 deportation hearing was a fundamentally fair hearing.[6] As a result, appellant's 1986 deportation can serve as a basis for his conviction under 8 U.S.C. § 1326. His conviction for illegal entry after deportation must be affirmed.

AFFIRMED.

---

5. Appellant alleges that because of his age and vulnerability, he was mistreated by other aliens in the holding pen prior to the time of his deportation hearing in 1986. He asserts that this situation and the Immigration Judge's indication during the deportation hearing that processing a voluntary departure request might take an additional week, forced him to sacrifice his opportunity to pursue a voluntary departure in order to get out of the holding pen as soon as possible. These allegations are not sufficient to establish that his decision not to request voluntary departure was involuntary. A review of the record indicates that appellant most likely accepted deportation not because of any need to get out of the holding pen but because he knew there was virtually no chance of being allowed to depart voluntarily in lieu of deportation.

6. Because we find that the 1986 deportation hearing was fundamentally fair, there were no "defects in an administrative proceeding foreclos[ing] judicial review of that proceeding." *Mendoza–Lopez,* —— U.S. at ——, 107 S.Ct. at 2155.