STATE OF NEBRASKA, APPELLEE, V. CARL TAYLOR, APPELLANT.
448 N.W.2d 920

Filed December 8, 1989.   No. 88-1071.

Steven M. Lathrop, of Hauptman, O'Brien, Wolf, Hadley & Lathrop, P.C., for appellant.

Carl Taylor, pro se.

Robert M. Spire, Attorney General, and Melanie J. Whittamore for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

Upon pleas of guilty to two counts of robbery and one count of first degree forcible sexual assault, the defendant, Carl Taylor, was sentenced on February 17, 1982, to imprisonment for terms of 5 to 10 years for the robberies and to a term of 12 to 15 years for the sexual assault, all sentences to be served consecutively. Upon direct appeal, the judgments were affirmed.

On October 19, 1987, the defendant filed a pro se "Motion to Vacate and Set Aside Judgement and Sentence" in the trial court. On March 16, 1988, after counsel had been appointed, an amended petition for postconviction relief was filed.

An evidential hearing was held on August 18, 1988. The trial court found that although the defendant was less than 18 years of age at the time of his arrest and that no direct notification to the defendant's parents of his arrest was made by the office of the county attorney or the office of the public defender, the defendant's grandmother with whom the defendant was living knew of the arrest and that the defendant was going to plead guilty; that the whereabouts of the defendant's father was unknown; that both the public defender and the defendant's grandmother had talked with the defendant's mother, who was

in Michigan, by telephone; and that although the requirement of Neb. Rev. Stat. § 29-401(2) (Reissue 1985) had not been complied with, there was no prejudice to the defendant, and he had not been denied due process of law or fundamental fairness. The trial court further found that the defendant had not been denied effective assistance of counsel because the same lawyer had represented both the defendant and his brother in the trial court. The motion for postconviction relief was denied, and the defendant has appealed.

The brief filed in this court by the defendant's counsel assigns as error the two matters on which the trial court made extensive findings.

The defendant was born June 23, 1964, and was a senior in high school at the time the offenses were committed.

The first robbery and the sexual assault took place on September 4, 1981. The defendant and his 18-year-old brother, Tobin, broke into the home of the victim, a woman who was 81 years of age, intending to steal money. They took money, two cameras, and other items, including a diamond ring which the defendant removed from the finger of the victim. The defendant's brother sexually assaulted the victim while the defendant assisted him by holding a pillow over the face of the victim.

The second robbery took place on September 19, 1981. The defendant and his brother broke into the home of the victim and took various items including a 9-millimeter automatic revolver and a jewelry box containing several rings.

After the defendant and his brother had been arrested, they both gave statements to the police concerning the crimes. The defendant's pleas were the result of a plea bargain that involved the dismissal of a separate burglary charge and a separate robbery charge that had been filed against the defendant and an agreement that other burglary charges would not be filed.

The record of the arraignment shows that the defendant's pleas were made voluntarily and intelligently after a full explanation of the defendant's constitutional rights. The trial court advised the defendant concerning the nature of the charges, the right to assistance of counsel, the right to confront the witnesses against him, the right to a jury trial, the right to

remain silent and the privilege against self-incrimination, and the range of penalties for the crimes with which he was charged. The trial court also determined there was a factual basis for the pleas by the defendant's statements made in open court and the statement of the county attorney.

The statute in effect at the time of the crimes and arrest, § 29-401 (Reissue 1979), provided:

> Every sheriff, deputy sheriff, constable, marshal or deputy marshal, watchman, police officer, or peace officer as defined in subdivision (17) of section 49-801, shall arrest and detain any person found violating any law of this state, or any legal ordinance of any city or incorporated village, until a legal warrant can be obtained; *Provided*, that (1) within twenty-four hours of the arrest, with or without warrant, of any child under eighteen years of age, the parent, guardian, or custodian of such child shall be notified of the arrest, and (2) the court in which the child is to appear shall not accept a plea from the child until finding that the parents of the child have been notified or that reasonable efforts to notify such parents have been made.

At the time the defendant's pleas were accepted, the trial court did not make the finding required by subsection (2) of that section, which subsection remains unchanged in the current statute.

The evidence shows that at the time the defendant was arrested, he was living with his grandmother in Omaha, Nebraska. Thomas Riley, the chief deputy public defender for Douglas County, who was appointed to represent the defendant and his brother in 1981, testified in this proceeding that although he could not be positive, he thought he had talked with the defendant's grandmother by telephone before the defendant had entered his pleas. He also talked with the defendant's mother, but he was unable to recall whether the conversation with the mother was before the defendant had entered his pleas, but thought that it was before the sentencing hearing.

The defendant's grandmother testified that she found out "[o]n the news" that the defendant had been arrested because

"their pictures and everything" were on the television.

The presentence report, of which the trial court took judicial notice, shows that a search warrant was obtained and served on the defendant's grandmother on the day of the arrest. When the warrant was served, the officers explained to the grandmother why they were there and needed to search her apartment. A number of the articles stolen in the robberies were found in the grandmother's apartment, and she assisted the officers in identifying property that did not belong to her, the defendant, or his brother.

The grandmother saw the defendant and his brother while they were being held in the Douglas County Correctional Center and knew that they were going to plead guilty to "something" and would be sentenced to prison. She also testified that she called the defendant's mother soon after he had been arrested and that the defendant's mother came to Omaha and was in Omaha on the day of the sentencing hearing, but did not go to the hearing. The defendant's grandmother further testified that she talked with the defendant's counsel, but not until after the defendant had entered his pleas of guilty.

The defendant testified that he called his grandmother and that on another occasion she visited him while he was confined, both visits occurring prior to the entry of his guilty pleas.

The trial court's findings on a motion for postconviction relief will be upheld unless they are clearly wrong. *State v. Bostwick*, 233 Neb. 57, 443 N.W.2d 885 (1989).

The evidence in this case supports the trial court's finding that the defendant's grandmother, who was in the position of being the defendant's parent at the time of his arrest, knew of his arrest at the time it occurred. Consequently, the failure to notify her of the arrest could not have resulted in any prejudice to the defendant.

The defendant argues that the requirements of § 29-401 are jurisdictional and that the trial court cannot accept a plea without first finding that the parents have been notified or that reasonable efforts have been made to notify the parents.

In *In re Interest of S.S.L.*, 219 Neb. 911, 367 N.W.2d 710 (1985), we held that the failure to provide parental notification of the State's temporary custody of a juvenile, as now required

by Neb. Rev. Stat. § 43-250 (Reissue 1988), did not deprive the juvenile court of jurisdiction. In the absence of statutory language providing for a loss of jurisdiction for failure to comply with the procedure, the district court did not lose jurisdiction by failing to make the required finding.

In *McDonald v. Black*, 820 F.2d 260 (8th Cir. 1987), the defendant argued that the failure of the police to comply with the parental notification requirements of Neb. Rev. Stat. § 43-205.02 (Reissue 1978), which are basically the same requirements currently contained in § 43-250, denied him due process.

The court of appeals found that the notification requirement of *In re Gault*, 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967), and the Nebraska statutes did not implicate any constitutionally protected right. *McDonald, supra.* The court stated that parental notification statutes are " 'only intended to furnish an additional safeguard to insure that the juvenile's basic right to due process is not violated.' " *Id.* at 261, quoting *Rone v. Wyrick*, 764 F.2d 532 (8th Cir. 1985). The failure to comply with the notification procedure alone did not entitle McDonald to habeas corpus relief, and unless the State's failure to follow its notification requirement deprived the defendant of fundamental fairness in his criminal trial, the Constitution was not violated. *McDonald, supra.*

The defendant has failed to show how the trial court's failure to comply with the requirements of § 29-401 prejudiced him in any way or deprived him of due process or fundamental fairness. The assignment of error is without merit.

With regard to the defendant's second assignment of error, the record fails to show how he was prejudiced in any way by the fact that the same counsel represented both the defendant and his brother. "[M]ultiple representation does not give rise to a denial of the defendant's sixth amendment right to effective assistance of counsel unless an actual conflict of interest exists and that conflict affects the performance of counsel." *State v. Anderson*, 229 Neb. 427, 432, 427 N.W.2d 764, 768 (1988). In order to sustain a claim of ineffective assistance of counsel due to a conflict of interest, the defendant has the burden to prove (1) his attorney actively represented conflicting interests and (2)

an actual conflict adversely impacted his attorney's performance, resulting in detriment to the defendant. *State v. Anderson, supra.* Joint representation of codefendants is not a per se violation of the sixth amendment right to effective assistance of counsel. *Id.*

The defendant testified by deposition that he first told the police that he had not had anything to do with the sexual assault, "that I wasn't even there," but then changed his story to the police to help his brother. He further testified that in fact he had nothing to do with the sexual assault and had told his defense counsel that he had nothing to do with it, but then said, "Well, I had some part in it and that's the reason I told the police that," to help his brother. Several questions later, the defendant said he had never told Riley that he had participated in the sexual assault. He testified, "I tried to tell him over and over again that I didn't have anything to do with it . . . . 'Well — but I don't have anything to do with this' . . . . I was telling him all along that I wasn't there."

The defendant also testified that Riley never talked to him about the possibility of representation by separate attorneys or of Riley's withdrawal as the defendant's counsel.

Riley testified flatly that the defendant had never told him that he had nothing to do with the crimes and noted that the victim's statement corroborated the statement the defendant had made in court. Riley also testified that both the defendant and his brother wanted to plead guilty and that he discussed the possible conflict in representing both of them in that Tobin had a greater culpability in regard to the sexual assault. At the sentencing hearing, Riley argued that the defendant should receive a lesser sentence than Tobin, who at that time had already been sentenced.

Whatever conflict there may have been related to the sentencing and was not prejudicial to the defendant under the circumstances in this case.

The defendant's deposition testimony conflicted with the statements he made at the time of his pleas and appears to have been an effort to make a case where none exists. It is apparent that the trial court rejected the defendant's deposition testimony, and the record supports that determination.

The defendant filed a separate pro se brief containing additional assignments of error. We have considered these assignments of error and find they are not supported by the record and are without merit.

The judgment is affirmed.

AFFIRMED.