**IN THE UNITED STATES COURT OF APPEALS**
 **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 16, 2011

Lyle W. Cayce
Clerk

No. 10-60563
Summary Calendar

WALTER NOE GALINDO, also known as Walter Galindo Batres,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A027 000 059

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Walter Noe Galindo petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ's) order of removal. The BIA's factual determinations are reviewed under the substantial evidence standard, which requires only that they be based upon the evidence presented and be substantially reasonable. *Kohwarien v. Holder*, 635 F.3d 174, 178 (5th Cir. 2011). We will affirm the BIA's factual findings unless the evidence compels a contrary result. *Id.* We review due

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

process challenges to immigration proceedings reviewed de novo. *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).

Galindo first argues that the BIA erred in concluding that he made a knowing and voluntary waiver of his right to counsel. Galindo cites his transfer "several hundred miles away from where his counsel's law practice is located and where his wife and material witnesses to his adjustment of status petition reside" as a circumstance that should have been considered by the BIA. He argues that the transfer violated his right to due process and interfered with his attorney-client relationship.

"[T]he absence of an attorney may create a due process violation if the defect impinged upon the fundamental fairness of the hearing in violation of the fifth amendment and there was substantial prejudice." *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993) (internal quotations, citation, and footnote omitted). In *United States v. Saucedo-Velasquez*, 843 F.2d 832, 834-35 (5th Cir. 1988), this court held that the "totality of the circumstances" approach was applicable to the petitioner's claim that he did not execute a valid waiver of his Fifth Amendment rights. Circumstances to be considered include whether the petitioner had the capacity to understand the warning given him, the nature of the Fifth Amendment rights, and the consequences of waiving those rights. *Id.*

Assuming, arguendo, that the transfer of an alien may implicate due process if it infringes upon a constitutionally protected interest, Galindo has not shown that he was denied due process. Galindo's counsel was aware that Galindo had been transferred and counsel acknowledged that he was able to instruct Galindo, prior to the hearing before the IJ, to seek a continuance. Further, the transcript of the hearing confirms that Galindo was aware of his options, which included the option of obtaining a continuance to secure counsel or a continuance to seek an adjustment of status pro se. Under the totality of the circumstances, Galindo's waiver of counsel during the hearing before the IJ

was not constitutionally invalid and Galindo was not deprived of his right to due process. *See Saucedo-Veasquez*, 843 F.2d at 835.

Galindo also argues that the IJ erred in denying his motion to withdraw his acceptance of removal in lieu of pursuing an application for adjustment of status. We review the denial of Galindo's motion for an abuse of discretion. *See Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

The IJ did not abuse its discretion in concluding that the circumstances surrounding counsel's alleged attempt to represent Galindo at the removal hearing did not warrant withdrawal of Galindo's election to accept removal. Further, we reject Galindo's assertion that he suffered from high blood pressure and confusion which impaired his decision to proceed pro se and accept removability. Galindo provided no support for this claim, other that declarations by counsel and a legal assistant employed by counsel, and he has offered no explanation as to why he failed to provide a personal declaration or medical records attesting to his mental state. Because the evidence does not compel a contrary finding, we will not disturb the BIA's finding that Galindo failed to establish a mental impairment. *See Kohwarien*, 635 F.3d at 178.

For the foregoing reasons, Galindo's petition for review is DENIED.