**Emiliana PARTIBLE, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 78–2875.

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1979.

Peter D. Williamson, Houston, Tex., for petitioner.

Philip Wilens, Chief, Govt. Reg. & Labor Section, Eric A. Fisher, Atty., James P. Morris, Dept. of Justice, Washington, D. C., for respondent.

Before GOLDBERG, AINSWORTH and KRAVITCH, Circuit Judges.

AINSWORTH, Circuit Judge:

Emiliana Partible entered the United States on September 9, 1976, with authority to remain until March 25, 1977, as an H–1 nonimmigrant worker under section 101(a)(15)(H)(i) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1101(a)(15)(H)(i).[1] She was admitted upon the petition of the Baytown Medical Center Hospital, Baytown, Texas, to perform the duties of a professional nurse. Evidently, in petitioning for her admission, the hospital made no mention of any provision of Texas law preventing her from performing the full extent of those duties.[2] As a result, on December 6, 1976, after a hearing before an immigration judge at which Partible waived her right to counsel, she was found deportable on the ground that whereas she was admitted to perform the services of a professional nurse, without limitation, but was not entitled under Texas law and not permitted by the hospital to do so until licensed as a registered nurse, she therefore failed to maintain the nonimmigrant status in which she was admitted.[3] The immigration judge granted Partible the privilege of voluntary departure until March 15, 1977, allowing time for her to take the Texas State Board Test Pool Exam for Professional Nurses scheduled for February 1977. If she passed that exam, she could have become a registered nurse, entitled to perform the full services of a professional nurse, in which case her deportation proceeding could have been reopened and her problem remedied. Unfortunately,

---

1. A nonimmigrant under section 101(a)(15)(H)(i) is defined as "an alien having a residence in a foreign country which he has no intention of abandoning (i) who is of distinguished merit and ability and who is coming temporarily to the United States to perform services of an exceptional nature requiring such merit and ability . . .." 8 U.S.C. § 1101(a)(15)(H)(i).

2. In petitioning on behalf of a foreign nurse for classification as an H–1 nonimmigrant worker, the petitioner is required by Form I–129B to submit to the Immigration and Naturalization Service:

 A statement from the petitioner certifying that, to the best of the petitioner's information and belief, (a) the beneficiary is fully qualified under the laws governing the place of intended employment to perform the desired services (or receive the desired training)

and that (b) under those laws the petitioner is authorized to employ the beneficiary to substantially perform such services (or to give the beneficiary the desired training). If the law governing the place where the services will be performed places any limitation on the services to be rendered by the beneficiary, the statement must contain details as to the limitation.

3. Section 241(a)(9) of the Act provides:

 (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

 . . . . .

 (9) was admitted as a nonimmigrant and failed to maintain the nonimmigrant status in which he was admitted . . ..

 8 U.S.C. § 1251(a)(9).

however, she failed the examination and, subsequently, the immigration judge denied her motion to reopen the deportation proceedings. The Board of Immigration Appeals affirmed that decision, and Partible petitioned this court for review pursuant to section 106(a) of the Act, 8 U.S.C. § 1105a(a), which empowers this court to review the denial of a motion to reopen. *See Giova v. Rosenberg*, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964); *Gena v. Immigration and Naturalization Service*, 5 Cir., 1970, 424 F.2d 227.

We conclude that the immigration judge abused his discretion in denying Partible's motion to reopen. Partible is entitled to a new hearing before the immigration judge in which, with the assistance of counsel, she can explore difficult questions which she has pointed out to this court concerning the conditions of her nonimmigrant status, the restrictions placed by Texas law on the services which she can legally perform prior to becoming a registered nurse, and the nature of her duties at Baytown Medical Center Hospital. None of those matters was adequately explored at the original deportation hearing because of Partible's lack of assistance from counsel. Although Partible was informed at the commencement of the hearing by the immigration judge of her statutory right to counsel[4] and nevertheless elected to proceed unassisted, she waived her rights without being provided with any understanding by the immigration judge of the complexity of her dilemma and without any awareness of the cogent legal arguments which could have been made on her behalf and which her present counsel now presses in arguing for the reopening of her proceeding. Thus, in sum, we conclude that Partible's waiver of counsel was not "competently and understandingly made," Matter of Gutierrez, Board of Immigration Appeals Interim Decision No. 2587, May 26, 1977; that the outcome of the proceeding may have been different if counsel had

been present; and that Partible is therefore entitled to a new hearing.

Foreign nurses have been routinely admitted to this country under section 101(a)(15)(H)(i) of the Act. Their eligibility for nonimmigrant status under that section has generally been conditioned upon their ability to secure temporary authority to work as professional nurses immediately following their entry and pending their taking and passing state examinations for permanent licensure. See Department of Justice, Immigration and Naturalization Service, *Voluntary Departure for Out-of-Status Nonimmigrant H–1 Nurses*, 43 Fed.Reg. 2776 (Jan. 19, 1978). If a foreign nurse passes the required state examination and earns her license to practice as a registered nurse, she can either seek an extension of her temporary nonimmigrant authorization, which in most cases is apparently routinely granted, or she can apply for permanent residence with "third preference" status.[5] On the other hand, if a foreign nurse fails the state examination and if she loses her temporary authority under state law to practice nursing, then she can be deported as an out-of-status nonimmigrant. To remedy the hardship imposed by the threat of losing lawful nonimmigrant status, the Commissioner of Immigration and Naturalization has adopted a lenient policy allowing foreign nurses who have lost their status on account of failing a state examination extended voluntary departure in six-month increments up to a possible total of three years. During that time the foreign nurse would normally be afforded several opportunities to take the state exam and would be permitted to work in a capacity less than that of a professional nurse. *See* Department of Justice, Immigration and Naturalization Service, *Voluntary Departure for Out-of-Status Nonimmigrant H–1 Nurses*, 43 Fed.Reg. 2776 (Jan. 19, 1978). Thus, in sum, in normal circumstances, a foreign nurse admitted to this country under sec-

---

4. *See* section 242(b)(2) of the Act, 8 U.S.C. § 1252(b)(2).

5. Under section 203(a)(3) of the Act "third preference" in obtaining a visa for permanent

residence in the United States is granted to "members of the professions." 8 U.S.C. § 1153(a)(3).

tion 101(a)(15)(H)(i) is not subject to deportation until she has been afforded a considerable period of time to pass the state exam necessary for licensure and maintenance of her nonimmigrant status.

In this case, however, the Government contends, in essence, that Partible was deportable immediately upon entry into the United States even before she had the opportunity to take the Texas nursing exam for the first time. Indeed, deportation proceedings were instituted three months before Partible's first opportunity to take the examination in February of 1977. The Government justifies that action on the ground that Partible was admitted to perform the services of a professional nurse, without any limitation whatsoever, although in fact she was not entitled under Texas law to perform the full services of a professional nurse and never did perform them at Baytown Medical Center Hospital. Thus, the Government contends, she was out of status and deportable from the very moment of entry into the United States.

The immigration judge accepted the Government's contentions in finding Partible deportable. Without the assistance of counsel, Partible was unable to explain the situation and to point out the unfortunate circumstances which singled her out from the other foreign nurses for whom a sensible system had been developed to allow adequate opportunities to pass state licensing exams. With such information, the immigration judge might properly have decided to interpret Partible's nonimmigrant status as a professional nurse to be contingent upon her passing the necessary exams and to allow her in the meantime to practice in some lesser capacity.

Furthermore, even if we assume that Partible's nonimmigrant status was that of a professional nurse, without limitation, it is by no means clear that the Government is correct in contending that under Texas law she was not permitted to perform substantially the duties of such a nurse even though she had not passed the state examination and did not therefore technically qualify as a registered nurse. Without the assistance of counsel at the original hearing, Partible was unable to explore those difficult questions of Texas law. Partible's present counsel has pointed to sufficient authority under Texas law to justify further inquiry in a reopened deportation proceeding into the question of whether Texas law permitted Partible to perform substantially the duties of a professional nurse.

The Government contends that, regardless of Texas law, testimony at the deportation hearing clearly indicates that the Baytown Medical Center Hospital did not permit Partible to perform substantially the duties of a registered nurse and that therefore there is no need to explore Texas law to determine whether she was properly found deportable. We disagree. Read in the light most favorable to the Government, the record of the original deportation hearing at best reveals that, on account of uncertainties regarding Texas law and potential malpractice liability, the Baytown Medical Center Hospital did not permit Partible to transcribe doctors' orders and to administer "IVs." There was no testimony at the hearing, however, as to other duties which professional nurses were expected to perform and which Partible did in fact perform. In the circumstances of this case, the mere fact that the hospital restricted Partible from performing certain duties is not so clearly dispositive of her case as to justify a denial of her motion to reopen. We should not hold otherwise, especially in light of the fact that the hospital petitioned for Partible's admission into this country and is probably responsible for her plight because it failed to mention in its petition limitations imposed on unlicensed nurses by Texas law. Furthermore, the hospital has undisputably employed Partible for a significant period of time in a nursing capacity and apparently continues to do so.

Thus, for the reasons stated, we reverse the immigration judge's denial of Partible's motion to reopen her deportation proceedings and remand the case to him for a further hearing at which Partible, with the assistance of counsel, can adequately explore the matters touched upon in this opinion.

REVERSED AND REMANDED.