893 F.2d 1339
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Jose Juan RUBIO-JIMENEZ, Petitioner,
v.
U.S. DEPARTMENT OF IMMIGRATION AND NATURALIZATION, Respondent.
 No. 88-7427.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1989.*
Decided Jan. 12, 1990.
 INS
 REVERSED AND REMANDED.
 Petition to Review a Decision of the Immigration and Naturalization Service.
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 FACTS
 
 2
 Jose Juan Rubio-Jimenez ("Rubio") entered the United States as a lawful resident on February 27, 1981. While in jail in Los Angeles for a drug conviction, he was served with an Order to Show Cause why he should not be deported. The back of the order read:
 
 
 3
 If you choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Immigration and Naturalization Service.
 
 
 4
 Rubio was immediately taken into custody by the INS and moved to an INS facility in El Centro, California, despite the fact that his parents and siblings reside in Los Angeles.
 
 
 5
 On December 15, 1987, Rubio appeared before an immigration judge--without counsel--for a bond redetermination hearing.
 
 
 6
 On April 28, 1988, at his deportation hearing, the following exchange took place:[1]
 
 
 7
 Q. (Judge Cosme) Do you speak and understand Spanish?
 
 A. Yes
 
 8
 Q. Do you also speak English?
 
 
 9
 A. Somewhat.
 
 
 10
 Q. Mr. Rubin (sic) do you have an attorney to represent you in this case?
 
 
 11
 A. He is right now he's not here.
 
 
 12
 Q. Have you made any efforts to hire an attorney or speak with an attorney?
 
 
 13
 A. Yes.
 
 
 14
 Q. Have you spoken with anybody in particular?
 
 
 15
 A. No.
 
 
 16
 Q. So did you want to proceed with the case today and speak for yourself?
 
 
 17
 A. Yes.
 
 
 18
 R. 20.
 
 
 19
 Rubio proceeded to testify that he had been convicted several times for drug-related offenses.[2]
 
 STANDARD OF REVIEW
 
 20
 We review an alleged deprivation of due process by an agency de novo. Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985).
 
 ANALYSIS
 
 21
 Appellant contends that the judge at his deportation hearing violated the statutory and regulatory requirement of informing him of his option to obtain an attorney.
 
 
 22
 No right to counsel under the Sixth Amendment is recognized in deportation proceedings. Ramirez v. INS, 550 F.2d 560, 563 (9th Cir.1977). But where the courts declined to see a constitutional remedy, Congress saw a dictate of humanity. Congress has enacted a statute whose heading reads 'Right to Counsel.' The statute provides in mandatory language that in any deportation proceedings and in any appeal proceedings the person concerned 'shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose.' 8 U.S.C. Sec. 1362. The legislative history of this provision confirms that Congress wanted to confer a right. See H.R.Rep. No. 1365, 82d Cong., 2d Sess. 57, reprinted in 1952 U.S.Code Cong. & Admin.News 1653, 1712. Failure to accord an alien this right may, in the light of the entire administrative record, be an abuse of discretion, requiring remand. Castro-Nuno v. INS, 577 F.2d 577, 578-79 (9th Cir.1978).
 
 
 23
 Castro-O'Ryan v. INS, 821 F.2d 1415, 1419 (9th Cir.1987). The relevant regulation states:
 
 
 24
 The Immigration Judge shall advise the respondent of his right to representation, at no expense to the Government, by counsel of his own choice authorized to practice in the proceedings and require him to state then and there whether he desires representation; advise the respondent of the availability of free legal services programs qualified under part 292a of this chapter and organized pursuant to Section 292.2 of this chapter....
 
 
 25
 8 C.F.R. Sec. 242.16 (emphasis added).
 
 
 26
 While it appears that Rubio had received notice that he had a right to counsel at his deportation hearing, it is not clear that he made a knowing, intelligent waiver of that right. In a similar case, Partible v. INS, 600 F.2d 1094 (5th Cir.1979), the petitioner was informed of her statutory right to counsel, and nevertheless elected to proceed unassisted. The Fifth Circuit held that her waiver was not "competently and understandably made" because the immigration judge did not explain to her the complexity of her dilemma, nor the legal basis for any argument that could have been made on her behalf. Id. at 1096 (followed in Castro-Ryan v. INS, 821 F.2d 1415 (9th Cir.1987)).
 
 CONCLUSION
 
 27
 The district court's judgment is reversed, and this case is remanded for further proceedings consistent with this memorandum.
 
 
 28
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3
 
 
 [1]
 The following proceeding was conducted in Spanish
 
 
 [2]
 The INS attorney read from a printout that Rubio had been convicted once in 1984, four times in 1985, and once in 1987. The printout was not introduced into evidence. Rubio only remembered being convicted once in 1985, but admitted the other convictions