[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13875
Non-Argument Calendar

_____

D. C. Docket No. 06-00527-CR-CAP-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMAS VASQUEZ-MONTALBAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 30, 2008)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Tomas Vasquez-Montalban appeals his criminal conviction for illegal

reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). After review, we affirm.

## I. BACKGROUND

### A. Prior Removal Order

In 1996, Vasquez-Montalban, a citizen of Mexico, was convicted in Texas of felony driving while intoxicated ("DWI"). In 1998, the Immigration and Naturalization Service ("INS") filed a Notice to Appear, charging that Vasquez-Montalban was subject to deportation as a result of his DWI conviction.

At the initial hearing, the Immigration Judge ("IJ") informed Vasquez-Montalban, pursuant to 8 C.F.R. § 1240.10(a), of his right to counsel at his own expense and confirmed that Vasquez-Montalban had been handed a list of local legal aid organizations who could assist him. The IJ pointed out to Vasquez-Montalban that on the back of this list was a "written explanation of [his] appeal rights." The IJ explained, "If you disagree with any decision I make in your case, you have the right to appeal it to a higher Court."

At the subsequent removal hearing, Vasquez-Montalban was represented by counsel. The IJ found that Vasquez-Montalban had been convicted of a crime that constituted an aggravated felony under the Immigration and Nationality Act ("INA"). Counsel advised that, because Vasquez-Montalban's position was that

2

his DWI was not an aggravated felony, he would seek cancellation of removal. The IJ concluded, based on the DWI conviction, that Vasquez-Montalban was ineligible for cancellation of removal.

The IJ noted that Vasquez-Montalban had indicated a desire to appeal, explained that Vasquez-Montalban could appeal to the BIA and provided Vasquez-Montalban with the necessary forms. The IJ noted that Vasquez-Montalban had "received another copy of the legal aid list of organizations" and that "[o]n the reverse side . . . is a written explanation of your appeal rights."

Vasquez-Montalban, still represented by counsel, appealed to the BIA, arguing that his DWI conviction was not an aggravated felony under the INA. In 1999, the BIA agreed with the IJ that Vasquez-Montalban's DWI conviction was an aggravated felony and dismissed his appeal. Vasquez-Montalban's removal order became final, and he did not petition for review of his removal order in the Fifth Circuit Court of Appeals.

## B.    Subsequent Criminal Case

In 2006, Vasquez-Montalban was found in the United States after he was arrested in Cobb County, Georgia for driving while impaired. Vasquez-Montalban was charged with illegal reentry after removal.

Vasquez-Montalban moved to dismiss the indictment, arguing that his prior

removal proceeding deprived him of due process. Specifically, Vasquez-Montalban argued that: (1) per Leocal v. Ashcroft, 543 U.S. 1, 125 S. Ct. 377 (2004),[1] the IJ and the BIA had erroneously classified his Texas DWI conviction as an aggravated felony, and (2) the IJ and BIA had failed to inform him of his right to judicial review of that error. The district court denied the motion and, after a bench trial, found Vasquez-Montalban guilty and sentenced him to 15 months' imprisonment. On appeal, Vasquez-Montalban argues that the district court erred in denying his motion to dismiss the indictment because he had been deprived of judicial review of the underlying removal order that concluded his DWI conviction was an aggravated felony.

## II. DISCUSSION

An alien charged in criminal proceedings with reentry in violation of § 1326 may not challenge the validity of the underlying deportation order unless he can demonstrate that: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C.

---

[1]In 2004, the Supreme Court decided in Leocal that a DUI conviction in which the statute had no mens rea component and required a showing of negligence was not an aggravated felony warranting deportation under the INA. 543 U.S. at 8-13, 125 S. Ct. at 382-84.

§ 1326(d); see also United States v. Mendoza-Lopez, 481 U.S. 828, 837-49, 107 S. Ct. 2148, 2154-55 (1987). As to the first prong, Vasquez-Montalban appealed the IJ's removal order to the BIA, and thus the parties agree that Vasquez-Montalban exhausted his administrative remedies. As to the second prong, the parties dispute whether Vasquez-Montalban has shown that he was deprived of judicial review in federal court, and thus we discuss that issue next.

## A.    IIRIRA's Jurisdiction-stripping Provision

Vasquez-Montalban first contends that he was deprived of judicial review of his removal order in federal court because § 306 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009, stripped federal courts of jurisdiction to review final removal orders "against an alien who is removable by reason of having committed" an aggravated felony, INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), and thus any petition for review in the Fifth Circuit would have been futile. However, post-IIRIRA and before the Real ID Act, appellate courts concluded that they nonetheless retain jurisdiction to review whether the specific conditions in IIRIRA barring jurisdiction, such as an aggravated felony conviction, exist. See, e.g., Bahar v. Ashcroft, 264 F.3d 1309, 1311 (11th Cir. 2001).[2] This is true in the Fifth Circuit,

_____

[2]In 2005, Congress passed the REAL ID Act, which states explicitly that the jurisdiction-stripping provisions of § 1252(a)(2)(B) (aliens convicted of aggravated felonies) and (C) (denials

5

where Vasquez-Montalban's removal proceeding occurred. See, e.g., Max-George v. Reno, 205 F.3d 194, 199-200 (5th Cir. 2000), vacated on other grounds, 533 U.S. 945, 121 S. Ct. 2585 (2001); Okoro v. INS, 125 F.3d 920, 925 & n.10 (5th Cir. 1997). Accordingly, the Fifth Circuit retained jurisdiction to review the legal question of whether Vasquez-Montalban's DWI conviction was an "aggravated felony" for purposes of IIRIRA's jurisdictional bar. Thus, a petition for review would not have been futile, and IIRIRA did not deprive Vasquez-Montalban of judicial review of that legal question.

## B.      Notice of Availability of Judicial Review

Vasquez-Montalban also contends that he was deprived of judicial review because he was not informed of his right to judicial review in his removal order.

There is a split in the circuits as to whether immigration officials must inform aliens in removal proceedings of their right to review in federal courts. Compare United States v. Lopez, 445 F.3d 90, 95-96 (2d Cir. 2006) (concluding that immigration officials are not required to inform the alien of the availability of judicial review in federal court), United States v. Escobar-Garcia, 893 F.2d 124, 126 (6th Cir. 1990) (same), and United States v. Mendoza-Martinez, No. 96-

---

of discretionary relief) did not preclude review by the courts of appeal of "constitutional claims or questions of law." See Pub. L. No. 109-13, § 106(a), 119 Stat. 231, 310, codified at 8 U.S.C. § 1252(a)(2)(D); Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005).

50247, 1997 WL 377986, at *1 (9th Cir. July 8, 1997) (same), with United States

v. Santos-Vanegas, 878 F.2d 247, 250-51 (8th Cir. 1989) (concluding that

immigration officials must advise aliens of their right to judicial review).

We need not decide this question because we conclude that Vasquez-

Montalban has failed to carry his burden to show he was not so informed in any

event. The record shows that the IJ expressly informed Vasquez-Montalban that

he had the right to appeal to a higher court. Moreover, the transcripts indicate that

Vasquez-Montalban was twice given written notice of his appeal rights, once at the

initial hearing and again at the removal hearing. Vasquez-Montalban did not

provide a copy of this written notice or a sworn declaration or affidavit stating that

the written notice did not advise him of the availability of judicial review.[3] See

United States v. Zelaya, 293 F.3d 1294, 1297-98 (11th Cir. 2002). Given that

Vasquez-Montalban twice received written notice of his appeal rights and was

represented by counsel throughout the administrative process before the IJ and the

BIA, we cannot say that Vasquez-Montalban has shown he was deprived of an

opportunity for judicial review.

C.    **Notice of Eligibility for Discretionary Relief**

---

[3]We note that Vasquez-Montalban does not claim that his lawyer who represented him before the BIA did not advise him of his appeal rights and does not deny that he received written notice of his appeal rights during his IJ hearings.

7

Finally, Vasquez-Montalban argues that he was deprived of judicial review because the IJ misinformed him that he was ineligible for cancellation-of-removal relief under 8 U.S.C. § 1229b due to his DWI conviction.[4]

However, this is not a case in which the IJ failed to afford the alien an opportunity to apply for such relief during the hearing or to adjudicate an application for such relief.[5] Vasquez-Montalban was represented by counsel during his removal proceeding and was aware of his ability to apply for cancellation of removal. In fact, upon the IJ's inquiry, Vasquez-Montalban sought and was denied such relief. In his order, the IJ considered Vasquez-Montalban's application for cancellation of removal and explained why Vasquez-Montalban was not eligible for such relief, namely that his DWI conviction disqualified him.[6]

---

[4]Under 8 U.S.C. § 1229b, an alien is eligible for discretionary cancellation of removal if he has been lawfully admitted for permanent residence for not less than five years, has subsequently resided continuously in the United States for seven years and has not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a)(1)-(3). Relying on BIA precedent, the IJ (and the BIA after him) concluded that Vasquez-Montalban was ineligible for cancellation of removal because his DWI was an "aggravated felony."

[5]Under the regulations, an alien may apply for cancellation of removal during removal proceedings. 8 C.F.R. § 1240.11(a)(1). Further, the immigration judge must inform the alien of his "apparent eligibility to apply for" discretionary benefits and "afford the alien an opportunity to make application during the hearing." 8 C.F.R. § 1240.11(a)(2); see also 8 C.F.R. § 212.3(e) ("An application for the exercise of discretion under [former] section 212(c) of the [INA] may be . . . submitted in proceedings before an Immigration Judge . . . [and] [s]uch application shall be adjudicated by the Immigration Judge . . . .").

[6]In fact, the IJ explained that both Vasquez-Montalban's removability and his eligibility for cancellation of removal hinged on whether Vasquez-Montalban's DWI was an aggravated felony. The IJ further explained that, if the IJ's determination was wrong, Vasquez-Montalban not only would be able to seek cancellation of removal, but also would not be subject to removal

The fact that the IJ's and the BIA's legal conclusions in 1998-99 that DWI was an aggravated felony are now legally erroneous under the 2004 Leocal decision does not mean Vasquez-Montalban was deprived of judicial review. As already discussed, Vasquez-Montalban could have petitioned for judicial review of that erroneous legal conclusion, but failed to do so.

For all these reasons, we conclude that Vasquez-Montalban has failed to show that his removal proceeding deprived him of the opportunity for judicial review or was fundamentally unfair. Accordingly, the district court properly denied his motion to dismiss the indictment.

**AFFIRMED.**

---

in the first place.