[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12422
Non-Argument Calendar

_____

Agency No. A094-313-144

MARCELINO RAMIREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 11, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Marcelino Ramirez, a native of El Salvador, seeks review of the Board of Immigration Appeal's order dismissing his appeal from the Immigration Judge's grant of preconclusion voluntary departure. The BIA concluded that Mr. Ramirez had knowingly and intelligently waived his right to appeal. On appeal to this Court, Mr. Ramirez argues that the BIA erred in dismissing his appeal because it was based on changed circumstances. In addition, he argues that his waiver of his right to appeal was not knowing and intelligent because he was confused and nervous, and his counsel had misled him about the ease with which he could obtain a visa to return to the United States following a voluntary departure.

Because the validity of a waiver of the right to appeal is a question of law, we review the BIA's ultimate decision *de novo*. *See D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). *See also United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) (addressing a sentence-appeal waiver in a direct criminal case). Factual findings are reviewed for substantial evidence, and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). *See also Ali v. Mukasey*, 525 F.3d 171, 173 (11th Cir. 2008) ("We review the BIA's factual findings under the substantial evidence standard.").

2

The BIA did not err in dismissing Mr. Ramirez's appeal.  By agreeing to preconclusion voluntary departure, Mr. Ramirez waived his right to appeal.  *See* 8 C.F.R. § 1240.26(b)(1)(i)(D) ("An alien may be granted voluntary departure by an immigration judge pursuant to section 240B(a) of the Act only if the alien . . . [w]aives appeal of all issues. . . .").  An alien may waive the right to appeal provided that the alien's decision is knowing and intelligent.  *See United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987) (holding invalid a waiver that was "not considered or intelligent").  *See also Partible v. I.N.S.*, 600 F.2d 1094, 1096 (5th Cir. 1979) (holding that the petitioner had not validly waived her right to counsel because the waiver was not "competently and understandingly made"); *In re Rodriguez-Diaz*, 22 I. & N. Dec. 1320, 1322 (B.I.A. 2000) ("By waiving appeal, an alien relinquishes the opportunity to obtain review of the Immigration Judge's ruling.  Thus, it is important that any waiver be knowingly and intelligently made.").  Although we have not addressed waiver of appeal rights in the immigration context in a published decision, it appears that such waivers also must be voluntary.  *See Cobourne v. I.N.S.*, 779 F.2d 1564, 1566 (11th Cir.1986) (holding that the BIA properly found that petitioner had voluntarily and knowingly waived his right to counsel).

Nothing in the record supports the argument that Mr. Ramirez's waiver of his right to appeal was not knowing, intelligent, or voluntary.  The record shows

3

that the IJ twice explained that, by accepting preconclusion voluntary departure, Mr. Ramirez was waiving his right to appeal, and Mr. Ramirez indicated his understanding and agreement to such waiver after having an opportunity to consult with his attorney. *See* R. 118-19, 121. *See also Bushert*, 997 F.2d at 1351 (holding, in the criminal context, that "a waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver . . . and the record indicates that the defendant did not otherwise understand the full significance of the waiver") (internal quotation marks and citation omitted). Accordingly, the record does not support Mr. Ramirez's argument that his waiver of the right to appeal was not knowing and intelligent because "he was so confused and nerv[ous]." Petitioner's Br. at 3.

We do not have jurisdiction to consider Mr. Ramirez's claim that his counsel gave him incorrect advice because he did not raise this claim before the BIA, and therefore, it is unexhausted. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto."); 8 U.S.C. § 1252(d)(1) ("A court may review a final order of

removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right. . . .").[1]

Accordingly, we deny Mr. Ramirez's petition for review.

**PETITION DENIED.**

---

[1] As noted by the BIA, to the extent Mr. Ramirez wishes to challenge his removal based on changed circumstances, he must file a motion to reopen his removal proceedings before the Immigration Court. *See* 8 C.F.R. § 1003.23(b).